JoAnne MARCELLO and
Anthony Marcello

v.

K–MART CORPORATION.

No. 96–571–Appeal.

Supreme Court of Rhode Island.

Feb. 13, 1998.

David Edward Maglio, III, Providence.

John K. Windecker, Providence.

### ORDER

This case came before a three judge panel of this court pursuant to an order directing the defendant, K–Mart Corporation (K–Mart), to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing their memoranda, we perceive that cause has not been shown. Accordingly, we will decide the merits of this appeal at this time. The facts of this case are as follows.

This case is an action for monetary damages arising out of an injury sustained by plaintiff, JoAnne Marcello (Marcello), when a display of merchandise and wooden shelves fell upon her while she was shopping at K–Mart. Her husband, Anthony Marcello, also filed a claim alleging damages for the loss of companionship and society of his wife. According to Marcello, on May 20, 1992, she and her mother were shopping for a watering can and potting soil at K–Mart when she

spotted a display of the desired merchandise in the garden ship. Marcello reached for a watering can and placed it in her basked when suddenly the display fell upon the two shoppers. Marcello testified that as a result of K–Mars's negligent stacking procedures, she sustained significant injuries to her wrist and thumb necessitating several surgical procedures.

Jon Martin (Martin), the manager of the garden shop, testified that he set up the watering cans display using cinder blocks with a board across the blocks to form a shelf. Martin further explained that another board, made from compressed wood, was then placed on top of the watering cans to form a second shelf. Approximately two rows of watering cans were displayed in this manner, which Martin testified was the standard stacking procedure employed at K–Mart. Joseph Sporcic (Sporcic), the general manager of the store, also testified that K–Mart has established standards regarding the display of merchandise, that this particular display satisfied those standards, and that the boards used for stacking the watering cans complied with the standards of stability and sturdiness. Sporcic explained that the stacking boards were supported by the watering cans themselves and that it was critical for the boards to be positioned properly on the cans in order for the display to remain stable. Significantly, however, Sporcic also testified that it was his understanding that this display had not been replenished.

The record also contains the deposition testimony of Donald Featherstone (Featherstone), the designer of the watering cans, which was read into evidence. Featherstone indicated that the watering can was not designed to be displayed in such a manner where it would support a shelf.

During trial, Marcello attempted to introduce expert testimony regarding the display's lack of stability as employed by K–Mart and made an offer of proof to this effect. This testimony, however, was excluded by the trial justice who determined that the subject matter was within the common knowledge of the average juror.

At the conclusion of Marcello's case, K–Mart made a motion for judgment as a matter of law pursuant to Superior Court Rule of Civil Procedure 50. Finding that Marcello had not established negligence on the part of K–Mart, the trial justice granted this motion. However, this ruling did not conclude this case.

The trial justice properly revisited this question at the hearing on Marcello's motion for a new trial. Marcello alleged that the trial justice committed errors of law (1) by taking this case from the jury when he granted K–Mart's motion for judgment as a matter of law and (2) by excluding the testimony of Marcello's expert witness. The trial justice agreed with Marcello on both counts and found that he had indeed committed two errors of law. After reviewing the amended version of Rule 59, the trial justice determined that this rule allowed him to declare a new trial for errors of law occurring during the trial. Consequently, he granted Marcello's motion for a new trial and K–Mart filed a timely notice of appeal.

On appeal, K–Mart alleges that the trial justice properly granted its motion for judgment as a matter of law since Marcello presented no evidence of negligence demonstrating that the display was either unsafe or posed a foreseeable risk to consumers. Furthermore, K–Mart argues that the trial justice properly excluded the expert testimony regarding the stability of the display on the ground that it was within the knowledge of the jury. Although acknowledging, as it must, that the trial justice has the authority under the amended Rule 59 to grant a new trial due to errors of law, K–Mart seeks reversal on the ground that the trial justice was initially correct when he entered judgment as a matter of law. We disagree.

Superior Court Rule of Civil Procedure 59(a) specifically provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues, (1) *in an action in which there has been a trial by jury for error of law occurring at the trial* or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state[.]" (Emphasis added.)

We agree with the trial justice that the issue of K–Mart's negligent construction of the watering can display was a question for the jury. The record evinces that the stability of the display hinged on how frequently the display was restocked with new merchandise, and, in this case, the evidence demonstrates that the display had not been replenished. Furthermore, Featherstone, the designer of the watering can, testified that he had not designed the can to support the weight of a shelf. Therefore, we conclude that there was sufficient evidence of negligence on the part of K–Mart to submit this matter to the jury and the trial justice did not err by correcting his prior finding.

In addition, the trial justice, upon reflection, also concluded that he had improperly excluded the testimony of Marcello's expert. Rule 702 of the Rhode Island Rules of Evidence explicitly permits the admission of testimony from an expert witness whenever such testimony "will assist the trier of fact." This gatekeeping function has always been held to rest within the trial justice's sound discretion and will not be disturbed on appeal absent an abuse of discretion. *See DeChristofaro v. Machala,* 685 A.2d 258, 267 (R.I. 1996). We therefore hold that it was permissible for the trial justice to revisit his prior decision in the context of a Rule 59 motion and that he was correct in concluding that this testimony would have aided the jury.

Accordingly, we deny and dismiss K–Mart's appeal and affirm the judgment of the Superior Court. The papers in this case are hereby remanded to the Superior Court for trial.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.