**Supreme Court**

No. 2012-61-Appeal.
(PC 99-831)

Dennis D. Bossian          :

v.          :

Paul A. Anderson.          :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dennis D. Bossian        :

         v.            :

Paul A. Anderson.        :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** This case is before the Court on appeal by the plaintiff, Dennis D. Bossian (plaintiff), from the grant in the Superior Court of judgment as a matter of law in favor of the defendant, Paul A. Anderson (defendant). This case came before the Supreme Court for oral argument on May 7, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After carefully considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be resolved without further briefing or argument. We affirm the judgment of the Superior Court.

**Facts and Travel**

This dispute centers on a three-count complaint that plaintiff filed against defendant (one of his former law partners) on February 17, 1999. The litigation spawned by the dissolution of that law practice, which took place on June 1, 1999, has been extensive. Much of the procedural history and facts germane to this case can be found in In re Dissolution of Anderson, Zangari & Bossian, 888 A.2d 973, 974-75 (R.I. 2006), and Bossian v. Anderson, 991 A.2d 1025, 1026 (R.I.

2010). We set forth only the facts and travel pertinent to the resolution of the challenges plaintiff raises on appeal.

The plaintiff's complaint against defendant alleged a variety of causes of action arising from their acrimonious parting as former law partners: (1) intentional interference with prospective contractual relations, (2) defamation, and (3) corporate opportunity doctrine.[1] Nearly three months after he filed the action, plaintiff amended the complaint to include a fourth count, conversion.[2]

The defendant filed a motion for summary judgment with respect to the conversion claim on the ground that res judicata defeated the claim because that count had been the subject of a lengthy trial in the dissolution action. On June 29, 2007, summary judgment was granted by the trial justice, who agreed that the conversion claim was, in fact, barred by res judicata. This Court affirmed the dismissal of that count. Bossian, 991 A.2d at 1027.

In this case, we are called upon to review the judgment that entered against plaintiff on the remaining counts in his 1999 complaint. A protracted trial took place over seven days in May of 2011, in which the three remaining counts were tried before a jury. Those counts alleged: (1) intentional interference by defendant with contractual relations between plaintiff and Allstate Insurance Company (Allstate) and a subsequent loss of income and business relationship with Allstate; (2) defamation by way of statements allegedly made by defendant to employees and agents of Allstate; and (3) breach of fiduciary duty by defendant in 1998, in an "avaricious and surreptitious scheme * * * to deprive the [p]laintiff from the prospective and on-going

---

[1] A bench trial in the dissolution case, which took place between November 2002 and April 2003, resulted in the trial court issuing a written decision distributing the assets of the partnership. The plaintiff appealed that decision, which was affirmed by this Court. In re Dissolution of Anderson, Zangari & Bossian, 888 A.2d 973, 978 (R.I. 2006).

[2] In the amended complaint, plaintiff also retitled count 3 "Breach of Fiduciary Duty."

professional and business relationship with Allstate * * *, and in order to divert those business opportunities to himself." Judgment as a matter of law entered on these claims after the trial justice ruled that plaintiff had failed to prove that he suffered any damages arising from these alleged torts and that the claim for defamation failed as a matter of law.

On May 12, 2011, plaintiff testified about the damages he claimed to have suffered.[3] The plaintiff testified that he vacated the offices of his former law partnership in July 1999 and opened a sole proprietorship on August 2, 1999. Additionally, he testified that, in September 1999, he withdrew his appearance from several Allstate cases after having been told, during the course of the partnership, that he was not to handle those cases. He testified that, as a result, he suffered a loss of $49,914.50 in compensation from those cases. That figure was derived from plaintiff's exhibit No. 31, a document prepared for purposes of the dissolution trial, which purported to delineate the legal work plaintiff and his former partners had performed for Allstate between June 1, 1999, and September 1, 1999, after the date of dissolution of the partnership. It was plaintiff's contention that the decision in the dissolution case did not contemplate or include those earnings.

Additionally, plaintiff alleged that he suffered damages associated with opening his law office in August 1999; according to plaintiff, those damages included rent, electricity, and other costs. He also testified that he was forced to sell his home and had to live at his mother's house, and that he had incurred expenses resulting from an Internal Revenue Service investigation. The plaintiff did not specifically quantify any of these expenses. Significantly, when plaintiff was asked whether he had suffered any other monetary damages, plaintiff responded, "No."

With regard to nonmonetary damages, plaintiff testified that he had suffered "[l]oss of

---

[3] We note (1) that plaintiff was represented by counsel at trial only for the limited purpose of eliciting plaintiff's direct-examination testimony and (2) that he appeared pro se in this Court.

reputation to this day." He testified that he had never been rehired by Allstate and had applied for various positions and had been rejected. Then, when asked if there were any other components of damages, either monetary or reputational, plaintiff again answered, "[N]o." The trial justice then inquired whether, "[s]eparate and apart from cross[-examination of plaintiff], [there was] any additional direct testimony that [plaintiff] wish[ed] to present to [the judge] and to the jury on the issue of damages[,]" and plaintiff answered, "No, your Honor." Notwithstanding that response, plaintiff later asserted that he had intended to introduce several documents, including several applications for employment and letters sent by employers in response to his inquiries. The trial justice asked whether there were any other documents he intended to introduce, and plaintiff responded that there were various tax returns from 1994 to 1997.[4] In an effort to further clarify, the trial justice asked whether plaintiff had other witnesses who would "testify with respect to the documents [he had] proffered[,]" and plaintiff answered, "No." When the trial justice then asked whether plaintiff planned to call "further witnesses[,]" plaintiff responded that, unless he needed to "authenticate the other documents * * *, no, your Honor."

At the conclusion of plaintiff's cross-examination, defendant moved to exclude all evidence of damages. The trial justice instructed plaintiff to "prepare[] to argue * * * legally how [his] damage evidence is relevant and if there is any additional evidence or testimony relative to [his] damages case[.]" The next day, defendant again moved to disallow all evidence of damages, asserting that the liability case had concluded and that there was no further evidence of damages. The trial justice asked plaintiff if there was any more evidence that he intended to present beyond his own testimony, and plaintiff answered for the fourth time that other than the

---

[4] An appraisal form for 215 Spencer Avenue, Warwick, Rhode Island, and other tax documents from 1994 to 2000 were also marked as exhibits.

possible authentication of a single exhibit, if necessary, he had "no testimonial or documentary evidence." Before proceeding with argument on the motion, defendant clarified that the motion was made based on "the understanding of the defense that the testimony with respect to liability is complete[.]" The trial justice asked plaintiff, "[I]s that conceded?" The plaintiff replied, "Yes, Judge."

In arguing to exclude plaintiff's evidence of damages, defendant pointed to exhibit No. 31, as the only evidence offered in support of plaintiff's claim for $49,914.50 of lost income. The defendant argued that the $49,914.50 damage claim was "a claim of the dissolution case" and that judgment in that case was acknowledged as fully satisfied. The record reflects that, in the dissolution case, a stipulation was entered, signed by all parties, that judgment was satisfied and the case was dismissed with prejudice. Accordingly, defendant argued that this portion of plaintiff's damages claim had been litigated and could not be raised again because it was barred by res judicata.

Furthermore, defendant argued that expert testimony was required to prove the value of the services allegedly performed and that the best evidence of those amounts would be the firm's invoices, but those documents were not before the court. Therefore, defendant concluded that "there [was] simply no foundation as a matter of law for the claim of monetary damages."[5]

At this point, despite his earlier statements, plaintiff asserted that he had not completed the testimony as to some of his claimed damages, a position the trial justice noted was "contrary to [his] earlier representation." The plaintiff argued that he "had just started to identify certain documents that were in [his] blue folder" about the sale of his home and his efforts to offset

---

[5] In addition to his argument that res judicata barred this evidence and that the exhibit was inadmissible because it lacked any evidentiary foundation, defendant also argued that it was not disclosed in plaintiff's answers to discovery. The trial justice did not address this argument. We deem it unnecessary to our decision and likewise decline to address it.

damages. The plaintiff acknowledged that in the dissolution case he had sought a ruling on the admissibility of exhibit No. 31, but that the court refused to address any issue of tortious interference or defamation in that case.

Next, the trial justice inquired whether it was plaintiff's position that reputational damages were recoverable for any claim other than slander per se, and plaintiff argued they were awardable on the claims for intentional interference with contract and breach of fiduciary duty, but he could not cite any case law to support that proposition. The plaintiff indicated that his claim of slander per se was based on defendant's alleged use of the term "smoking gun."[6]

After hearing the arguments of counsel, the trial justice issued a bench decision. She began by stating that, as she had "feared from the outset of this protracted trial, plaintiff's damages case [was] largely, if not wholly, unsustainable." She found that the evidence was "insufficient as a matter of law to prove damages" arising from the alleged tortious conduct of defendant. Additionally, she stated that, in the dissolution case, the trial justice had found "that no partner had an economic interest in the ongoing work of the partnership after [June 1, 1999]"; accordingly, she concluded that the dissolution case had "been terminated by the final judgment to which the plaintiff consented[,]" and that plaintiff was barred by principles of res judicata from pursuing any claim for payment of legal services allegedly performed during or after the dissolution. The trial justice further found that plaintiff had offered no evidence establishing which partner worked on the files, "when the work was performed, when the work was billed or when or if the bill was paid."

---

[6] In his submissions to this Court, plaintiff represents that an October 21, 1998 letter written by plaintiff and sent to Allstate—with a blind copy sent to opposing counsel—was referred to by defendant as a "smoking gun." Apparently, this letter led to the dissolution of the partnership. The plaintiff contends that the phrase "smoking gun" was slander per se and that the claim should have been submitted to the jury.

- 6 -

As to plaintiff's claim for damages resulting from establishing a new law practice, the trial justice concluded that none of those expenses were quantified; no expert economist testified as to the reasonableness of those expenses; and, critically, that plaintiff had failed to establish a causal nexus between defendant's allegedly tortious conduct and the claimed damages. Consequently, the trial justice found that the evidence presented "failed to prove those damages with reasonable certainty," and it was "clearly impermissible to allow such evidence to be put before the jury for speculative purposes."

Finally, the trial justice declared that "[d]amages for loss of reputation are not awardable absent proper quantification as a matter of law with respect to the torts alleged[,]" with the possible exception of the allegation of slander per se arising from the "smoking gun" statement. Therefore, plaintiff's damages evidence was inadmissible on his claims for intentional interference with contractual relations and breach of fiduciary duty.

The trial justice next turned to the defamation count and the issue of the "smoking gun," which was based on defendant's alleged characterization of a letter to Allstate about a case pending in Superior Court that was penned by plaintiff, with a blind copy sent to opposing counsel, who moved for sanctions against Allstate. The plaintiff explained that defendant had repeatedly used the term "smoking gun" to describe the letter and, although it was irrelevant whether this statement was conveyed to Allstate, plaintiff argued that the letter amounted to "slander per se to any third party * * *." He then undertook a long argument in which he narrated instances of various meetings and interactions with other attorneys. It was plaintiff's contention that the use of the term "smoking gun" was a false statement that called into question his "propriety or ethics[.]"

The trial justice then set forth the case law and elements of defamation and slander per se.

She noted that, in the absence of a statement that was defamatory per se, plaintiff must prove that he was damaged by the statement. The trial justice indicated that, although a question remained as to whether defendant had, in fact, made the "smoking gun" statement, even if he had done so, she was "hard pressed to find that statement to be defamatory as a matter of law." She also found that plaintiff had failed to offer evidence regarding the manner in which the statement was conveyed or the context in which it was made. The trial justice concluded that, because the slander claim "fail[ed] as a matter of law," no evidence of reputation damages was admissible, and, therefore, defendant's motion in limine was granted.

At this point, the parties and the trial justice engaged in yet another colloquy about the stage of the trial. The plaintiff immediately responded that he had not "even testified yet" or rested his case, nor had he testified to some of the matters the court had referenced. The defendant interjected that plaintiff had rested as to liability, and the court agreed; nevertheless, plaintiff continued to argue with the court. The defendant then moved for judgment as a matter of law on the remaining claims in accordance with Rule 50 of the Superior Court Rules of Civil Procedure. Again, plaintiff was adamant that he had not rested his case. The trial justice observed that plaintiff had "represented that all of [his] damage evidence and all of [his] liability evidence was complete."

After yet another argument from plaintiff with respect to what he considered "an abundance of evidence to support [his] case * * *," the trial justice concluded that plaintiff had "failed to present sufficient evidence of damages as required by the law[,]" and she dismissed the case pursuant to Rule 50. Judgment entered on May 13, 2011.

On May 26, 2011, plaintiff filed a motion for new trial in accordance with Rule 59 of the Superior Court Rules of Civil Procedure. The plaintiff argued that the trial justice erroneously

had "morphed [defendant's] <u>motion</u> <u>in</u> <u>limine</u> into a <u>dispositive</u> <u>motion</u>" and, according to plaintiff, because he had not been fully heard and had not rested as to damages, the court's dismissal of the case on a Rule 50 motion was "a clear error of law." Although plaintiff's memorandum was a verbose recitation of his view of the trial proceedings, it provided no support for his claims of damages, the failure of which was the basis for the trial justice's dismissal of the case. The defendant objected to plaintiff's motion and filed a memorandum.

Without further oral argument, the court entered an order denying plaintiff's motion for new trial based on the memoranda submitted by the parties. The order stated that plaintiff's motion was "procedurally improper as [the] [c]ourt [had] terminated [p]laintiff's case through the entry of Judgment as a Matter of Law in favor of [d]efendant pursuant to Rule 50 * * *." However, the order erroneously noted that "[t]he 1995 amendment to Rule 59 (a) * * * [did] not * * * allow the [c]ourt to revisit its ruling on the Rule 50 motion at trial." The order concluded that, even if the motion was not barred procedurally, it did not advance any justification for a new trial because "[p]laintiff was 'fully heard' on the issue of damages * * * and [the] [c]ourt properly determined, before entering [the] [j]udgment, that there was no legally sufficient evidentiary basis for a reasonable jury to find for [p]laintiff." The plaintiff appealed.[7]

On appeal, plaintiff asserts that the trial justice erred: (1) in concluding that damages for

---

[7] The defendant moved to dismiss plaintiff's appeal, asserting that the notice of appeal was not timely. The plaintiff objected to that motion, arguing that his motion for new trial was proper as he had never rested his case before the trial justice and that, therefore, her grant of defendant's motion for judgment as a matter of law was improper and, accordingly, his timely motion for new trial tolled the filing period for his appeal. This Court entered an order on October 12, 2012, deferring consideration of defendant's motion and directing the parties to address the issue of whether "legal errors allegedly committed by the trial justice in deciding defendant's [Superior Court Rules of Civil Procedure] Rule 50 motion are properly reviewable by this Court in the context of the plaintiff's instant appeal from the denial of his new trial motion" in light of this Court's order in <u>Marcello v. K-Mart Corp.</u>, 712 A.2d 882 (R.I. 1998) (mem.). Based on our decision denying plaintiff's appeal, we need not address this issue.

loss of reputation were not awardable; (2) in finding that the term "smoking gun" was not slanderous per se; and (3) in failing to submit his claim of breach of fiduciary duty to the jury.

## Discussion

We first address the issue of whether a motion for new trial pursuant to Rule 59 is proper when a judgment as a matter of law pursuant to Rule 50 has been entered. The plaintiff argues, and defendant concedes, that a trial justice may review legal errors committed in considering a Rule 50 motion. See Marcello v. K-Mart Corp., 712 A.2d 882, 883-84 (R.I. 1998) (mem.) (when the plaintiff moved for a new trial due to errors of law arising from the grant of the defendant's Rule 50 motion for judgment as a matter of law, this Court concluded that the trial justice did not err when he reviewed the alleged errors and granted the motion for new trial). We are satisfied that Rule 59 permits a trial justice to grant a motion for new trial when confronted with errors of law committed during the trial. Id. at 884.

In our judgment, although the trial justice erred in concluding that she was procedurally barred from reviewing any alleged errors of law in the context of plaintiff's motion for new trial, this circumstance is of little assistance to plaintiff. The decision in this case rests not on an error of law, but on a failure of proof.

This Court reviews "a trial justice's decision on a motion for judgment as a matter of law de novo." Lett v. Giuliano, 35 A.3d 870, 874-75 (R.I. 2012) (quoting Medeiros v. Sitrin, 984 A.2d 620, 625 (R.I. 2009)). Accordingly, we "examine 'the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party.'" Dawkins v. Siwicki, 22 A.3d 1142, 1156 (R.I. 2011)

(quoting Medeiros, 984 A.2d at 625); see also Oliveira v. Jacobson, 846 A.2d 822, 829 (R.I. 2004)).

Rule 50(a)(1) provides:

> "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

The trial justice must deny the Rule 50 motion and "submit the case to the jury" when, "after reviewing the evidence without regard to its probative force, the trial justice determines that factual issues are present from which reasonable jurors might reach different conclusions * * *." Dawkins, 22 A.3d at 1156 (citing Medeiros, 984 A.2d at 625); see also DeChristofaro v. Machala, 685 A.2d 258, 262 (R.I. 1996).

Before this Court, plaintiff argues that the trial justice erred when she granted judgment as a matter of law because plaintiff had not rested his case. This contention wholly is lacking in merit. The record is replete with numerous instances in which plaintiff—an attorney and officer of the court—unequivocally declared that he "[had] no [further] testimonial or documentary evidence" to present as to damages, with the possible exception of authenticating an exhibit. It is equally clear that there was no further testimony to introduce as to liability. The plaintiff is an experienced trial attorney who is more than familiar with the dynamics of a trial. Because he repeatedly responded that he had no further evidence as to liability and damages, he cannot complain that he was taken at his word.

On appeal to this Court, plaintiff has not pointed to a single piece of evidence— documentary or testimonial—that could change the result of this case. Rule 50(a)(1) makes clear

that the court may grant a motion for judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue * * *." Because we are satisfied that plaintiff was fully heard—as he conceded several times in open court—on the issue of damages, we conclude that plaintiff's claim of error is without merit.

Specifically, as to plaintiff's alleged reputation damages for tortious interference with contract, plaintiff avers that the trial justice erred when she found that damages for loss of reputation in a claim for tortious interference with contract must be properly quantified. The plaintiff contends that the trial justice overlooked our opinion in D'Andrea v. Calcagni, 723 A.2d 276 (R.I. 1999). We disagree.

To prevail on a claim of tortious interference with contractual relations, a plaintiff must establish "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his [or her] intentional interference; and (4) damages resulting therefrom." Ims v. Town of Portsmouth, 32 A.3d 914, 925-26 (R.I. 2011) (quoting Tidewater Realty, LLC v. State, 942 A.2d 986, 993 (R.I. 2008)); see also Greensleeves, Inc. v. Smiley, No. 2010-230-A., slip op. at 12 (R.I., June 18, 2013). "The existence of a contract is a question of law that this Court reviews de novo." Ims, 32 A.3d at 926 (citing Nonnenmacher v. City of Warwick, 722 A.2d 1199, 1202 (R.I. 1999)). In addition to these requirements, a "plaintiff must show that the interference is not only intentional, but also 'improper.'" Id. (quoting Tidewater, 942 A.2d at 993); see also Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 98 (R.I. 2007). Importantly, "[t]his Court has recognized that interference with a contractual relationship is an action sounding in tort" and, as such, damages may include: "(a) the pecuniary loss of the benefits of the contract * * *; (b) consequential losses for which the interference is a legal cause; and (c) emotional distress or

- 12 -

actual harm to reputation, if they are reasonably expected to result from the interference." D'Andrea, 723 A.2d at 278 (quoting Restatement (Second) Torts § 774A at 54-55 (1979)).

Before this Court, plaintiff provided transcripts of selected excerpts from the trial proceedings on May 12 and May 13, 2011. However, omitted from the record on appeal is the liability portion of the trial. Our review of plaintiff's testimony on this claim is therefore limited. In any event, we agree with the trial justice's observation that the claim fails because the primary evidence of damages plaintiff sought to introduce—exhibit No. 31, which purportedly listed the Allstate cases and the fees allegedly earned after the dissolution—had been offered and excluded by the trial justice in the dissolution case. There was no appeal from that ruling. We have held that any claims decided by the trial court that are not raised by an appellant in this Court are deemed waived for purposes of the appeal before us and throughout future proceedings. Stebbins v. Wells, 818 A.2d 711, 720 (R.I. 2003) (citing James J. O'Rourke, Inc. v. Industrial National Bank of Rhode Island, 478 A.2d 195, 198 n.4 (R.I. 1984)).

Furthermore, we are of the opinion that the exhibit was of dubious evidentiary value. The business relationship of the parties terminated on June 1, 1999. The plaintiff failed to show how the Allstate cases were managed after that date, who performed the work on any given case, and who, if anyone, received payment. The plaintiff neglected to proffer evidence as to whether the $49,914.50 in claimed revenue set forth in exhibit No. 31 was distributed to the other partners. The other damages that plaintiff claims to have sustained—rent, sale of a home, expenses associated with opening a new practice—were never quantified, nor did plaintiff establish that these so-called damages were the result of any tortious conduct by defendant. We therefore are satisfied that the trial justice did not err when she rejected this claim.

Turning to the count alleging defamation, plaintiff also asserts that the trial justice was

mistaken in her conclusion that the phrase "smoking gun" did not constitute slander per se and that the trial justice invaded the province of the jury when she disposed of this claim. We disagree. "To prevail in a defamation action, a plaintiff must prove: '(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm.'" Marcil v. Kells, 936 A.2d 208, 212 (R.I. 2007) (quoting Lyons v. Rhode Island Public Employees Council 94, 516 A.2d 1339, 1342 (R.I. 1986) and Restatement (Second) Torts § 558 at 155 (1977)). "To be actionable as slander per se—without proof of special damages—the false statement must impute to the other: (1) a 'criminal offense,' (2) a 'loathsome disease,' (3) a 'matter incompatible with his business, trade, profession, or office,' or (4) a 'serious sexual misconduct.'" Marcil, 936 A.2d at 212 (quoting Restatement (Second) Torts § 570 at 186).

Assuming, without deciding, that defendant described plaintiff's October 21, 1998 letter to Allstate and copied to opposing counsel as a "smoking gun," it is our opinion that this phrase does not rise to the level of slander per se. At best, the term described the letter and not plaintiff. The term "smoking gun" is defined as "[a] piece of physical or documentary evidence that conclusively impeaches an adversary on an outcome-determinative issue or destroys the adversary's credibility." Black's Law Dictionary, 1516 (9th ed. 2009) (emphasis added). The description of the letter does not impute to plaintiff any of the four specific categories of false statements that qualify as slander per se. As the trial justice noted, plaintiff presented "no evidence of the verbal context in which the statement was allegedly made or how it was understood by its listeners." We are satisfied that the trial justice properly dismissed this claim.

The plaintiff's final claim—breach of fiduciary duty—comes before us on plaintiff's

challenge to the trial justice's decision not to allow the claim to go before the jury. Specifically, plaintiff contends that, had defendant "simply explain[ed] to Allstate that [plaintiff's] handling of the [personal injury case for which the letter was prepared] was appropriate and consistent with his ethical and professional responsibilities to <u>his</u> client * * *, the firm * * * would not have dissolved * * *." Similar to our reasoning with respect to plaintiff's claim for tortious interference with contract, we conclude that plaintiff failed to present sufficient evidence of damages even if defendant's alleged breach of fiduciary duty had been established. Accordingly, we are of the opinion that the trial justice did not err in rejecting this claim.

**Conclusion**

In 2003—ten years ago—the trial justice cautioned that "[i]t is now time for each of the unhappy former partners to put this matter aside * * * rather than participating in an endless maze of pro se litigation." <u>Bossian</u>, 991 A.2d at 1028. In 2010, this Court observed that it was "especially unfortunate that, despite the trial justice's admonition at an early stage, the instant litigation has been prolonged for an additional seven years." <u>Id.</u> Now, fourteen years after the dissolution of the law firm and the filing of this complaint, we lay this case to rest. The plaintiff has failed to prove his case, and the trial justice properly granted judgment as a matter of law as to all counts.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

TITLE OF CASE:          Dennis D. Bossian v. Paul A. Anderson.

CASE NO:                    No. 2012-61-Appeal.
                                      (PC 99-831)

COURT:                        Supreme Court

DATE OPINION FILED:   July 2, 2013

JUSTICES:                   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

WRITTEN BY:             Associate Justice Maureen McKenna Goldberg

SOURCE OF APPEAL:   Providence County Superior Court

JUDGE FROM LOWER COURT:

                                      Associate Justice Judith C. Savage

ATTORNEYS ON APPEAL:

                                      For Plaintiff:  Dennis D. Bossian, Pro Se

                                      For Defendant:  Shad Miller, Esq.