320 A.2d 604.

ALBERT E. DiSAIA *d/b/a* AL'S MOBILE HOME SALES *v.* CAPITAL INDUSTRIES, INC.

JUNE 10, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an action for breach of contract. The cause was heard before a justice of the Superior Court without a jury and resulted in a judgment for the plaintiff. The matter is before this court on the defendant's appeal.[1]

The plaintiff commenced this action by attaching a mobile home which defendant, a Pennsylvania corporation engaged in the business of manufacturing mobile homes, had delivered to plaintiff pursuant to an order allegedly placed with it by plaintiff. The writ is dated June 1, 1965 and was filed in the office of the sheriff for Newport County on the same day. It was served a week later on June 8, 1965. On June 21, 1965, defendant gave a bond to release the attachment.

The writ and declaration were filed in the clerk's office in the Superior Court in Newport on July 27, 1965. On

---

[1]This action was commenced prior to January 10, 1966, the effective date of the new Superior Court Rules of Civil Procedure, which abolish separate forms of action and establish one form of action to be known as "civil action." However, the appeal was filed on January 4, 1971.

August 25, 1965 a "Special Appearance to Challenge Jurisdiction" and a "Plea in Abatement to the Jurisdiction of the Court" were filed by defendant.

While this action was pending in the Superior Court here, defendant, on March 27, 1968, filed a petition in the United States District Court for the Middle District of Pennsylvania,[2] seeking to enter into an arrangement with its creditors under the provisions of ch. XI of the Bankruptcy Act. The plaintiff filed proofs of claim with the Bankruptcy Court,[3] dated June 12, 1968 and July 1, 1968, respectively. based upon the same claims in issue in the instant case and for the full amount allegedly owed to him by defendant.

Notice of defendant's objection to plaintiff's proofs of claim and notice of a hearing before the Bankruptcy Court on the allowance of those proofs of claim were both given to plaintiff. On September 12, 1968, plaintiff's claims were adjudicated by the Bankruptcy Court and an order was entered disallowing the claims. The plaintiff did not seek a review of the order disallowing his claim. The arrangement proceeding was successful and was terminated when an order of confirmation was entered by the Federal District Court. On October 8, 1969, the estate was closed.

Thereafter, on June 11, 1969 defendant filed a motion for summary judgment in the Superior Court, claiming that the disallowance of plaintiff's claim in the bankruptcy proceeding was res judicata of the action in this case. The plaintiff filed an objection to defendant's motion for summary judgment. He admitted that his claim had been disallowed, but he claimed it had not ben adjudicated by the Federal District Court. After a hearing, defendant's motion for sum-

---

[2]For convenience we shall at times refer to this court as the Federal District Court.

[3]We shall refer to all proceedings before the Referee in Bankruptcy as proceedings before the Bankruptcy Court.

mary judgment was denied by a justice of the Superior Court, without rescript or oral decision.

The defendant thereafter filed a motion to file answer, seeking to add the defense of res judicata to its pleadings so that it might rely thereon at the trial of this action. A justice of the Superior Court, after hearing, granted defendant's motion and defendant then filed an amended answer which contained three defenses. Only the second defense is pertinent in this proceeding. It reads as follows:

> "The Defendant avers that judgment should be entered in its favor in the within action on the ground that Plaintiff is bound by the doctrine of *res judicata*, which doctrine in this matter requires judgment to be entered for Defendant for the following reason: The claim set forth by Plaintiff in the within action was made the subject of a Proof of Claim filed by Defendant in proceedings for an arrangement filed by Defendant in the United States District Court in Pennsylvania subsequent to' initiation of the within proceeding, and the Plaintiff, having submitted himself to the jurisdiction of said United States District Court, is bound by the decision of said Court on the merits of his claim as aforesaid, which claim was denied and disallowed by said Court after due and proper notice to Plaintiff of hearing thereon, and the appeal period from said disallowance has expired without any appeal therefrom having been filed."

A hearing on the merits was held before a justice of the Superior Court without a jury. The trial justice held that the order of the Federal District Court affirming the disallowance of plaintiff's claim by the Bankruptcy Court was not res judicata of the Rhode Island proceedings. She awarded plaintiff damages in the sum of $6,085, and a judgment for that amount was entered. The case is here on defendant's appeal.

The defendant, as appellant, has briefed and argued this appeal under two main points in which it raises four ques-

tions. The plaintiff has replied in like manner. Since there is almost a direct clash between the adversary briefs and arguments, we shall, for the sake of convenience and clarity, discuss and consider the questions raised in the order adopted by the contending parties.

For reasons that follow we hold that the trial justice erred in holding that the disallowance of plaintiff's claim by the Bankruptcy Court and the Federal District Court is not res judicata in this proceeding.

## I

The defendant's first main point is that the order of the Federal District Court disallowing plaintiff's claim in the ch. XI arrangement proceeding under the Bankruptcy Act, after notice and an opportunity to be heard, is res judicata in this proceeding in the instant case, wherein plaintiff seeks recovery of the exact same amount.

## A

The defendant argues that plaintiff's filing of proofs of claim in the Bankruptcy Court invoked the jurisdiction of that court and constituted consent by plaintiff to have its rights adjudicated by that forum on the claims asserted.

As we understand plaintiff's position, he does not deny that when a proof of claim is filed in the Bankruptcy Court, that invokes the jurisdiction of the court and constitutes consent by the claimant to have his rights adjudicated by that forum on the claims asserted. The plaintiff's argument is that he did not file a proof of claim "per se" or "* * * to a degree which would submit him to the general jurisdiction of the Bankruptcy Court." He claims that he was merely supplying information requested by the Bankruptcy Court and he argues that he continued to object to the inclusion of his claim in the bankruptcy action.

The exhibits in the record before us do not support plaintiff's claim that he did not file proofs of claim in the Bank-

ruptcy Court. As the trial justice pointed out in her decision:

> "The plaintiff filed proofs of claim in said cause, dated June 12, 1968, and July 1, 1968, respectively, based upon the same matters in issue in this action, and by order entered September 12, 1968, plaintiff's claim was disallowed * * * ."

The proofs of claim sought recovery for the full amount allegedly due plaintiff and they indicate that the claims asserted therein were also pending in the Rhode Island action and that a bond had been given to release the attachment. The proofs of claim contain no reservations and no objection to the exercise of jurisdiction by the Bankruptcy Court.

In these circumstances it is clear that plaintiff did in fact file a proof of claim. By so doing he consented to the jurisdiction of the Federal District Court and therefore his claim was properly before that court for adjudication. 2 Collier, *Bankruptcy* ¶23.08[1] and [6], 530, 550 (14th ed. 1974). It follows that, having invoked the jurisdiction of the Bankruptcy Court, and having failed to object to the summary jurisdiction of that court, plaintiff consented thereto. 4 Collier, *Bankruptcy* ¶68.20[4], 945 (14th ed. 1971). See also 11 U.S.C. §11(a)(7) (1966), which states in substance that the failure of a creditor to object to the summary jurisdiction of the Bankruptcy Court shall constitute consent to such jurisdiction. If plaintiff was dissatisfied with the order of disallowance, his remedy was by way of an appeal of that order under the Bankruptcy Act.

### B

The defendant next contends that the disallowance of plaintiff's claim in the Bankruptcy Court is a final adjudication, and is res judicata in the Rhode Island proceeding.

The plaintiff's response to defendant's argument is, in substance, that even if it is assumed that an order dis-

allowing plaintiff's claim was filed as claimed by defendant, nothing in the record indicates the true reason for the disallowance. In such circumstances, plaintiff argues, the disallowance of his claim may not be a final adjudication and therefore is not res judicata in the instant proceeding. We do not agree with plaintiff's argument on this question. Since the order disallowing plaintiff's claim contains no reservations, it seems to us that it would be unreasonable to assume that the Pennsylvania court intended its order to mean anything other than a final adjudication on the merits.

The applicable rule is stated as follows:

> " 'The allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or anyone in privity with him * * * The general rule may be stated that in order for the doctrine of res judicata to be applied, it must be shown that either the matter controverted in the second action was raised and litigated in the proceedings for allowance, or that the matter, if not raised, was one which could and should have been brought forward and litigated. In this respect, the referee's orders, if not reviewed within the time and manner provided by the Act, have the same force and effect as orders of the district judge.' " 3 Collier, *Bankruptcy* ¶57.14[7], 221-23 (14th ed. 1974).

The doctrine of res judicata requires (1) identity of parties, (2) identity of issues, and (3) finality of judgment. *Id.* at 225. *See Perez* v. *Pawtucket Redevelopment Agency,* 111 R. I. 327, 302 A.2d 785 (1973). It is undisputed that the parties and issues in the bankruptcy proceeding are identical to those in the Rhode Island proceeding. The remaining question is whether the third requirement, that is, finality of judgment, has been met. We hold that it has. As pointed out above, an order allowing or disallowing a claim is a judicial act, binding and conclusive upon the

parties, and, though subject to the review provided for in the Act, such an order is not subject to collateral attack. We conclude that the order of the Bankruptcy Court disallowing the plaintiff's claim is res judicata in the Rhode Island proceeding. In view of this conclusion it becomes unnecessary to consider the defendant's remaining contentions.

The defendant's appeal is sustained, the judgment appealed from is reversed; and the plaintiff may on the 25th day of June, 1974, appear before this court to show cause why this case should not be sent back to the Superior Court for entry of judgment in accordance with this opinion.

Mr. Chief Justice Roberts did not participate.

*Dolbashian, Chappell & Chace, Paul M. Chappell,* for plaintiff.

*Winograd, Shine & Zacks, Richard I. Abrams,* for defendant.