**Supreme Court**

No. 2012-113-Appeal.
(PC 10-5792)

Christopher Reynolds                    :

v.                    :

First NLC Financial Services, LLC, et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Christopher Reynolds        :

v.        :

First NLC Financial Services, LLC, et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  In a fairly typical mortgage transaction, the plaintiff, Christopher Reynolds, executed a promissory note, secured by a mortgage on his property. Unfortunately, Reynolds defaulted on the loan, which in time led to foreclosure proceedings. Reynolds filed for bankruptcy, which prompted the then holder of the mortgage to seek relief from the automatic stay imposed by bankruptcy law.  Indeed, relief from the stay was given in two separate bankruptcy cases filed by Reynolds, the second of which was initiated after a foreclosure sale had been completed.  Reynolds then filed a declaratory-judgment action in Superior Court.  Eventually, a justice of the Superior Court granted summary judgment based on the doctrine of res judicata, a decision that Reynolds appealed to this Court.

This case came before the Supreme Court on October 29, 2013, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further

- 1 -

briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On August 25, 2006, plaintiff, Christopher Reynolds, obtained a mortgage on his home at 41 Medway Street, Providence (the property).  During the course of that transaction, Reynolds signed a $320,000 promissory note in favor of defendant First NLC Financial Services, LLC (First NLC), and granted a mortgage to defendant Mortgage Electronic Registration Systems (MERS), "acting solely as a nominee for [First NLC] and [First NLC]'s successors and assigns."[1]  The note evidenced Reynolds's promise to pay the amount of money he borrowed, while the mortgage gave MERS a security interest in the property.  The mortgage was made with the statutory power of sale,[2] but it also provided that MERS held

---

[1] For some reason, only Reynolds signed the note, but Reynolds and Alexandra Rodriguez signed the mortgage.  In any event, Rodriguez is not a party to this case.

[2] General Laws 1956 § 34-11-22 provides in pertinent part that:

> "The following power shall be known as the 'statutory power of sale' and may be incorporated in any mortgage by reference:
>
> "(Power)
>
> "But if default shall be made in the performance or observance of any of the foregoing or other conditions, or if breach shall be made of the covenant for insurance contained in this deed, then it shall be lawful for the mortgagee or his, her or its executors, administrators, successors or assigns to sell, together or in parcels, all and singular the premises hereby granted or intended to be granted, or any part or parts thereof, and the benefit and equity of redemption of the mortgagor and his, her or its heirs, executors, administrators, successors and assigns therein, at public auction upon the premises, or at such other place, if any, as may be designated for that purpose in this deed, or in the published notice of sale first by mailing written notice of the time and place of sale by certified mail, return receipt requested, to the mortgagor, at his or her or its last known address, at least twenty (20) days for

"only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for [First NLC] and [First NLC]'s successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of [First NLC] including, but not limited to, releasing and canceling this Security Instrument."

In an assignment that was executed on March 9, 2009, MERS assigned its interest in the mortgage to defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley IXIS Real Estate Capital Trust 2006-2 (Deutsche Bank). At the same time, the note was endorsed in blank and transferred to Deutsche Bank.

Because Reynolds had defaulted on his obligations under the note, foreclosure proceedings commenced. Reynolds then filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island. In due course, Deutsche Bank filed a motion for relief from the automatic stay that is imposed by 11 U.S.C. § 362.[3] Deutsche Bank's motion was granted; the court's order allowed Deutsche Bank to "tak[e] possession" of the property, "foreclos[e] its mortgage thereon," and "see[k] to obtain, if necessary, eviction of [Reynolds] and any occupant."

---

mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, prior to first publishing the notice, including the day of the mailing in the computation; second, by publishing the same at least once each week for three (3) successive weeks in a public newspaper published daily in the city in which the mortgaged premises are situated; and if there be no public newspaper published daily in the city in which the mortgaged premises are situated * * * ."

[3] The automatic stay of 11 U.S.C. § 362 "gives debtors breathing room by stopping collection efforts in their tracks and permitting their resumption only when the stay is lifted by the bankruptcy court or dissolved by operation of law." In re 229 Main St. Ltd. Partnership, 262 F.3d 1, 3 (1st Cir. 2001) (citing Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997)). Subsection (d) of 11 U.S.C. § 362 provides that the automatic stay may be lifted in certain circumstances.

A foreclosure sale was held on February 1, 2010, and defendant Guy Settipane was the highest bidder. That same day, plaintiff filed another bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, this time under the provisions of Chapter 13. Although the foreclosure sale had already taken place, Deutsche Bank again moved for relief from the automatic stay, which motion was granted on April 21, 2010. In its order, the bankruptcy court held that the February 1, 2010 foreclosure sale to Settipane "was a valid sale, [and] remain[ed] in full force and effect." The order also said that Deutsche Bank could "(a) tak[e] possession and/or transfe[r] the Property; (b) recor[d] a foreclosure deed to the Property; and (c) see[k] to obtain, if necessary, eviction of [Reynolds] and any occupant from the Property." A foreclosure deed conveying the property to Settipane was executed on May 14, 2010.

Reynolds then filed an action in Superior Court seeking: (1) a declaration that the foreclosure deed was void, and (2) an order quieting title and declaring that he owned the property in fee simple absolute. Deutsche Bank and Settipane filed motions for summary judgment, which the Superior Court granted based on the doctrine of res judicata, and a final judgment was entered. It is from that judgment that plaintiff seeks relief from this Court.

**II**

**Standard of Review**

"It is well established that this Court reviews a trial justice's decision to grant summary judgment de novo, 'employing the same standards and rules used by the [trial] justice.'" Inland American Retail Management LLC v. Cinemaworld of Florida, Inc., 68 A.3d 457, 461 (R.I. 2013) (quoting Empire Fire and Marine Insurance Companies v. Citizens Insurance Co. of America/Hanover Insurance, 43 A.3d 56, 59 (R.I. 2012)). Thus, if, "after viewing the evidence

in the light most favorable to the nonmoving party, [we conclude] that there is no genuine issue of material fact to be decided and that the moving party is entitled to judgment as a matter of law," we will affirm the judgment. Id. (quoting Empire Fire and Marine Insurance Companies, 43 A.3d at 59).

### III

### Discussion

Res judicata, or claim preclusion, "bars the relitigation of all issues that 'were tried or might have been tried' in an earlier action." Huntley v. State, 63 A.3d 526, 531 (R.I. 2013) (quoting Bossian v. Anderson, 991 A.2d 1025, 1027 (R.I. 2010)). "Usually asserted in a subsequent action based upon the same claim or demand, the doctrine precludes the relitigation of all the issues that were tried or might have been tried in the original suit," as long as there is "(1) identity of parties, (2) identity of issues, and (3) finality of judgment in an earlier action." E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey, 635 A.2d 1181, 1186 (R.I. 1994) (citing Gaudreau v. Blasbalg, 618 A.2d 1272, 1275 (R.I. 1993); Providence Teachers Union, Local 958, American Federation of Teachers, AFL-CIO v. McGovern, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974)).

Determining whether there is "identity of parties" requires resolving "whether the parties to this second action are identical to or in privity with the parties involved in the [prior action]." E.W. Audet & Sons, Inc., 635 A.2d at 1186 (citing Gaudreau, 618 A.2d at 1275; Providence Teachers Union, 113 R.I. at 172, 319 A.2d at 361). "A party to an action has been defined as '[a] person who is named as a party to an action and subjected to the jurisdiction of the court * * * .'" Id. at 1186-87 (quoting 1 Restatement (Second) Judgments § 34(1) at 345 (1982)). Relying on the Restatement, we further explained in E.W. Audet & Sons, Inc., that "parties may subject

themselves to the court's jurisdiction by making an appearance or participating in the action in a manner that has the effect of an appearance." Id. at 1187 (quoting Restatement (Second) Judgments § 34(1), cmt. a). Further, "[p]arties are in privity when 'there is a commonality of interest between the two entities' and when they 'sufficiently represent' each other's interests." Lennon v. Dacomed Corp., 901 A.2d 582, 591 (R.I. 2006) (quoting Duffy v. Milder, 896 A.2d 27, 36 (R.I. 2006)).

The second requirement necessary to apply the doctrine of res judicata is "identity of issues." Lennon, 901 A.2d at 592. "In determining the scope of the issues to be precluded in the second action, we have adopted the broad 'transactional' rule." Id. (quoting Waters v. Magee, 877 A.2d 658, 666 (R.I. 2005)). In accordance with that rule, res judicata "precludes the re-litigation of 'all or any part of the transaction, or series of connected transactions, out of which the [first] action arose.'" Id. (quoting Waters, 877 A.2d at 666).

Finally, the application of res judicata requires that there be "finality of judgment in the earlier action." Huntley, 63 A.3d at 531 (quoting Bossian, 991 A.2d at 1027). "The burden is upon the party asserting res judicata to 'prove that the prior judgment on which it is relying was final.'" Id. at 532 (quoting 47 Am. Jur. 2d Judgments § 648 at 222 (2006)).

In DiSaia v. Capital Industries, Inc., 113 R.I. 292, 298, 320 A.2d 604, 607 (1974), we considered whether res judicata precluded a party from relitigating in state court issues that had already been litigated in United States Bankruptcy Court. We said that, to apply res judicata, "it must be shown that either the matter controverted in the second action was raised and litigated in the [earlier] proceedings * * * or that the matter, if not raised, was one which could and should have been brought forward and litigated." Id. (quoting 3 Collier, Bankruptcy ¶ 57.14[7] at 221-23 (14th ed. 1974)). In that case, a claim had been disallowed in the bankruptcy proceeding, the

federal district court entered an order of confirmation, and we held that res judicata precluded the relitigation of the matter in a state court proceeding. Id.

Applying those principles to the case before us, there can be little doubt that there is identity of the parties, as Reynolds was the debtor in the bankruptcy proceedings, thereby voluntarily subjecting himself to the jurisdiction of the bankruptcy court. Also, Deutsche Bank filed the motion for relief from the stay, the granting of which is the focus of this case. Settipane purchased the property at the foreclosure sale and received title to the property from Deutsche Bank by means of a foreclosure deed that was recorded on May 14, 2010. Settipane's purchase of the property places him in privity with Deutsche Bank, which "sufficiently represent[ed]" Settipane's interest when it sought relief from the stay prior to the foreclosure sale in the Chapter 7 case and also sought retrospective relief from the stay after the sale to Settipane in the Chapter 13 case. See Lennon, 901 A.2d at 591 (quoting Duffy, 896 A.2d at 36).

Similarly, the issues were the same in the bankruptcy proceedings and in the Superior Court. Motions for relief from the stay were considered in both the Chapter 7 proceeding and the Chapter 13 proceeding. In his objection to the latter motion, Reynolds said that relief from the stay was improper because Deutsche Bank's "claim [wa]s based on a defective title resulting from an unauthorized MERS assignment of mortgage," and because Deutsche Bank "d[id] not possess the mortgage note and ha[d] not recorded an assignment of mortgage on the land evidence records * * * ." Additionally, that motion was filed, heard, and decided after the foreclosure sale had taken place, and the order resolving the issue provided that the foreclosure sale "was a valid sale, [and] remain[ed] in full force and effect." Thus, Deutsche Bank's right to foreclose on the property and the validity of the foreclosure sale were considered and decided by

the bankruptcy court, satisfying the second element of res judicata. See E.W. Audet & Sons, Inc., 635 A.2d at 1186; DiSaia, 113 R.I. at 298, 320 A.2d at 607.

It is our opinion as well that the judgment on which Deutsche Bank and Settipane rely was final for res judicata purposes. In DiSaia, 113 R.I. at 297, 320 A.2d at 606, we said that if a creditor "was dissatisfied with the order of disallowance, his remedy was by way of an appeal of that order under the Bankruptcy Act." The same is true here. However, Reynolds did not seek review of the bankruptcy court's order that granted ex post relief from the stay in the Chapter 13 bankruptcy and confirmed that the foreclosure sale "was a valid sale, [and] remain[ed] in full force and effect." The bankruptcy has now concluded, and the decision, unappealed, is final.

Nonetheless, Reynolds argues that the bankruptcy court's decision to grant relief from the stay was merely procedural in nature and that the issue decided in that proceeding was not the same as the issue being considered in this case. In support of his argument, plaintiff relies on Grella v. Salem Five Cent Savings Bank, 42 F.3d 26 (1st Cir. 1994), a case in which the First Circuit Court of Appeals refused to give preclusive effect to a bankruptcy court's decision to grant relief from the automatic stay. We conclude, however, that that case is distinguishable.

In Grella, 42 F.3d at 28, a debtor signed a promissory note in favor of a bank and collaterally assigned promissory notes and mortgages to the bank to secure the debt. The debtor later filed for bankruptcy, and the bank sought and obtained relief from the stay. Id. The bank then sought a determination of the status of its liens, and the bankruptcy trustee raised a preference counterclaim.[4] The bankruptcy court ruled that the trustee's counterclaim was precluded. Id. at 30.

---

[4] The trustee alleged that the bank's interest in one particular piece of collateral was "avoidable as a preferential transfer." Grella v. Salem Five Cent Savings Bank, 42 F.3d 26, 29 (1st Cir. 1994). "A 'preference' is a transfer of a debtor's assets during a specified pre-bankruptcy period

On appeal, the First Circuit held that the bankruptcy court's decision to grant relief from the stay "is merely a summary proceeding of limited effect," which is a "determin[ation of] whether the party seeking relief has a colorable claim to property of the estate." Grella, 42 F.3d at 33. Relief from the stay "is not a determination of the validity of those claims, but merely a grant of permission from the court allowing th[e] creditor to litigate its substantive claims elsewhere without violating the automatic stay." Id. at 33-34.

Despite plaintiff's arguments to the contrary, however, we do not believe Grella to be persuasive here. First, we note that the foreclosure sale in this case had taken place already when the bankruptcy court entered its order in the Chapter 13 case. That order specifically said that the sale to Settipane was "valid [and] remain[ed] in full force and effect." In Grella, 42 F.3d at 33-34, the court explained that relief from the stay means that a creditor may "litigate its substantive claims elsewhere without violating the automatic stay"; here, Deutsche Bank already had exercised its foreclosure rights, and the bankruptcy court essentially ratified the sale when it lifted the stay. Thus, Reynolds's reliance on any preliminary nature of the bankruptcy court's decision granting relief from stay in his case is misplaced, especially because his bankruptcy cases have concluded. In Grella, 42 F.3d at 29-30, the court was considering a counterclaim that was not raised in response to a motion for relief from the stay but was raised later in the bankruptcy proceedings.

Additionally, the court in Grella, 42 F.3d at 31-32, considered issue preclusion, or collateral estoppel, rather than claim preclusion. As that court explained, issue preclusion "bars

---

that unjustifiably favors the transferee over other creditors." Id. at 29 n.5 (citing In re Melon Produce, Inc., 976 F.2d 71, 73 (1st Cir. 1992)). "Section 547 [of title 11 of the United States Code] allows a bankruptcy trustee, in certain circumstances, to avoid preferential transfers of an interest of the debtor if the transfer was made within 90 days before the date of the filing of the bankruptcy petition." Id.

relitigation of any factual or legal issue that was <u>actually</u> decided in previous litigation 'between the parties, whether on the same or a different claim.'" <u>Id.</u> at 30 (quoting <u>Dennis v. Rhode Island Hospital Trust</u>, 744 F.2d 893, 899 (1st Cir. 1984)).  The elements of issue preclusion are

> "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment."  <u>Id.</u>[5]

The summary nature of a hearing on a motion for relief from stay may be implicated when applying issue preclusion because that doctrine requires the issue to have been "actually * * * litigated" and "necessarily * * * decided."[6]  <u>See</u> <u>E.W. Audet & Sons, Inc.</u>, 635 A.2d at 1186 (citing <u>State v. Chase</u>, 588 A.2d 120, 123 (R.I. 1991)).  The bank in <u>Grella</u> argued that the bankruptcy court must have found that its security interest was valid because such a finding was a prerequisite to lifting the stay, but the court disagreed, holding that the lien's validity was not "actually adjudicated" because obtaining relief from the stay required only a colorable claim.  <u>Grella</u>, 42 F.3d at 34.  Here, the propriety of the foreclosure was examined by the bankruptcy court after the foreclosure sale had taken place; that court said that the sale was valid, and the

---

[5] The elements outlined by the First Circuit in <u>Grella</u> are essentially the same as those required to apply issue preclusion under our law.  <u>See</u> <u>E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey</u>, 635 A.2d 1181, 1186 (R.I. 1994) (citing <u>Providence Teachers Union, Local 958, American Federation of Teachers, AFL-CIO v. McGovern</u>, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974)).  As we said in an earlier decision, the application of issue preclusion requires "that the prior proceeding resulted in a final judgment on the merits," "that the party against whom collateral estoppel is asserted be the same as or in privity with a party in the prior proceeding[,]" and "that there be an identity of issues."  <u>Id.</u> (citing <u>State v. Chase</u>, 588 A.2d 120, 122 (R.I. 1991)).  We have further "subdivided" the "identity of issues" element as requiring that "(1) the issue sought to be precluded must be identical to the issue determined in the earlier proceeding, (2) the issue must actually have been litigated in the prior proceeding, and (3) the issue must necessarily have been decided."  <u>Id.</u> (citing <u>Chase</u>, 588 A.2d at 123).

[6] Claim preclusion, in contrast, does not require that the issue to be precluded has actually been litigated or necessarily decided.  Rather, claim preclusion "prohibits the relitigation of all issues that were tried <u>or</u> <u>might</u> <u>have</u> <u>been</u> <u>tried</u> in the original suit * * * ."  <u>Bossian v. Anderson</u>, 991 A.2d 1025, 1027 (R.I. 2010) (quoting <u>Carrozza v. Voccola</u>, 962 A.2d 73, 78 (R.I. 2009)).

bankruptcy later concluded.  As a result, we hold that Reynolds was precluded from raising those issues again in the Superior Court, and summary judgment was properly granted.

**IV**

**Conclusion**

For the foregoing reasons, the judgment of the Superior Court is affirmed.  The case shall be remanded to that court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Christopher Reynolds v. First NLC Financial Services, LLC, et al.

**CASE NO:**     No. 2012-113-Appeal.
(PC 10-5792)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     January 10, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Keven A. McKenna, Esq.

For Defendant:  Mark E. Liberati, Esq.
                Charles C. Martorana, Esq., Pro Hac Vice