May 27, 2026

Jay Patel                  :

v.                    :

John O. Mancini et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jay Patel                          :

v.                          :

John O. Mancini et al.                          :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The plaintiff, Jay Patel (Mr. Patel or plaintiff), a self-represented litigant, appeals from a final order of the Superior Court dismissing his complaint against the defendants, John O. Mancini (Mr. Mancini), Mancini Carter, PC (Mancini Carter), LandingPartners LLC (LandingPartners), and 1850 Post Road Owner LLC (1850 Post Road) (together, defendants), on the basis of *res judicata*.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument.  For the reasons set forth

- 1 -

herein, we affirm the dismissal of Mr. Patel's complaint against LandingPartners and 1850 Post Road on the basis of *res judicata*, and against Mr. Mancini and Mancini Carter on other grounds.

**Facts and Procedural History**

We typically "look no further than the complaint" to understand the facts concerning an appeal from the granting of a motion to dismiss. *EDC Investment, LLC v. UTGR, Inc.*, 275 A.3d 537, 542 (R.I. 2022) (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)). We may also look to documents not expressly incorporated into a complaint when, for example, those documents are "central to plaintiffs' claim." *Id.* at 542-43 (quoting *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22 (R.I. 2018)). Mr. Patel's complaint refers to and arises out of *LandingPartners LLC v. Shiva, LLC, et al.*, KC 23-24 (the LandingPartners case), that ended in a "judgment * * * to perform a sale" of property located at 1850 Post Road in Warwick, Rhode Island (the property). A deeper discussion of the facts from the LandingPartners case is included in a contemporaneously issued opinion of this Court involving many of the same parties and captioned *Jay Patel v. LandingPartners LLC et al.*, No. 2024-360-Appeal.

It suffices for our purposes to note that the LandingPartners case involved allegations by LandingPartners that Mr. Patel had violated the terms of a Purchase

and Sale and Discounted Pay-Off Agreement (the agreement) entered into for the purchase of the property. Accordingly, LandingPartners sought Mr. Patel's performance of his contractual obligations. Mr. Patel, however, was defaulted from the LandingPartners case and was consequently ordered to specifically perform his obligations under the agreement. Following entry of default judgment, LandingPartners and the sole remaining defendant entered a consent order outlining new terms for the purchase of the property. The transaction was thereafter consummated pursuant to the terms of the consent order, and the remaining parties consented to the dismissal of the LandingPartners case with prejudice.

Five months after the stipulated dismissal in the LandingPartners case, Mr. Patel filed the instant action asserting violations of the agreement against each defendant. Specifically, Mr. Patel's complaint alleged: violation of the agreement by all defendants (count one); fraudulent conduct in the course of the LandingPartners case including failure to close as contemplated in the agreement (count two); "fraudulent concealment" in the course of the post-default-judgment travel of the LandingPartners case (count three); "unjust enrichment" on the basis of LandingPartners' and 1850 Post Road's possession of property which had been procured in violation of the agreement (count four); breach of the implied covenant of good faith and fair dealing as a result of defendants' breach of the agreement (count five); and a count alleging detrimental reliance based on an allegation that

Mr. Patel relied on the agreement's terms to his detriment when the parties closed on the transaction (count six).

In response to Mr. Patel's complaint, Mr. Mancini filed two motions to dismiss on behalf of all defendants and himself. The first motion argued that plaintiff's complaint, which was filed in Providence County Superior Court, was in the incorrect venue. Prior to decision on defendants' first motion to dismiss, they filed an answer to Mr. Patel's complaint and a second motion to dismiss. In the second motion, defendants argued that Mr. Patel's complaint was precluded under the doctrine of *res judicata* because it sought to relitigate the agreement and transaction which had been fully addressed in the LandingPartners case. The defendants further argued that Mr. Patel's complaint failed to state a claim upon which relief could be granted.

In his opposition to defendants' motions to dismiss, Mr. Patel argued that his complaint was filed in the correct venue and that *res judicata* did not bar his claims because they were different than the claims raised in the LandingPartners case and therefore "could not have been raised in [the LandingPartners case]."

The defendants' motions were heard before a justice of the Superior Court in June 2024. At the hearing, counsel for defendants argued that Mr. Patel's complaint should be dismissed pursuant to the doctrine of *res judicata* because it was an attempt to relitigate the agreement at issue in the LandingPartners case. As to Mr.

Mancini and the law firm, counsel argued that the allegations against those defendants failed to state a claim because those defendants were not parties to, and therefore could not be liable under, the contract. For his part, Mr. Patel presented argument as to why he believed Mr. Mancini and LandingPartners were liable under the agreement. The trial justice reserved decision on defendants' motions.

The trial justice issued her decision from the bench in early August 2024. The trial justice agreed that venue was improper in Providence County, and she therefore changed the venue to Kent County but retained jurisdiction over the case on the out-of-county business calendar. After a recess, the trial justice further concluded that Mr. Patel's complaint was barred by the doctrine of *res judicata*. The trial justice found that "all [of Mr. Patel's] claims arise from the same transaction or series of transactions" raised in the LandingPartners case and that Mr. Mancini represented LandingPartners in the LandingPartners case such that there was the required identity of parties for *res judicata* to apply. The trial justice further found that plaintiff's "various allegations of failure to perform or defects with respect to the agreement could have been raised as counterclaims" in that case. Finally, she found that the default judgment against Mr. Patel was a conclusive final judgment. She therefore dismissed the complaint.

An order reflecting that dismissal entered on August 20, 2024. Mr. Patel filed this appeal on September 5, 2024.

**Standard of Review**

This Court applies the same standard as the trial justice in reviewing a grant of a motion to dismiss. *Lacera v. Department of Children, Youth, and Families*, 272 A.3d 1064, 1067 (R.I. 2022). "The sole function of a motion to dismiss is to test the sufficiency of the [complaint]." *Evoqua Water Technologies LLC v. Moriarty*, 334 A.3d 429, 433 (R.I. 2025) (quoting *EDC Investment, LLC*, 275 A.3d at 542). We will affirm the trial justice's dismissal when "it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* at 434 (quoting *EDC Investment, LLC*, 275 A.3d at 542). A trial justice's application of *res judicata* is a question of law reviewed *de novo*. *Apex Oil Company, Inc. v. State by and through Division of Taxation*, 297 A.3d 96, 108 (R.I. 2023).

**Analysis**

After reviewing and taking as true the allegations in plaintiff's complaint, we conclude that the trial justice appropriately dismissed the claims against LandingPartners and 1850 Post Road pursuant to the doctrine of *res judicata*, but hold that the trial justice erred in also dismissing Mr. Patel's claims against Mr. Mancini and his law firm on those grounds. Instead, we conclude that Mr. Mancini and his law firm are not "in privity" with the parties they represented in the LandingPartners case and thus *res judicata* cannot apply. *See Reynolds v. First NLC*

*Financial Services, LLC*, 81 A.3d 1111, 1115-16 (R.I. 2014) (defining "identity of the parties" requirement for *res judicata*). However, we affirm the dismissal of those claims because they fail to state a claim upon which relief could be granted. *See Evoqua Water Technologies LLC*, 334 A.3d at 434.

**LandingPartners and 1850 Post Road**

We affirm the dismissal of Mr. Patel's complaint against LandingPartners and 1850 Post Road under the doctrine of *res judicata*.

*Res judicata* "bars the relitigation of all issues that were tried or might have been tried in an earlier action" in a new action involving the same parties. *Reynolds*, 81 A.3d at 1115 (quoting *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013)). The doctrine requires three things: (1) identity of the parties in both the earlier and later cases; (2) identity of the issues in both cases; and (3) finality of the earlier judgment. *See id.* This Court has adopted the "transactional rule" to determine the scope of the issues precluded in a second action between the same parties. *Id.* That rule prevents relitigation of "all or any part of the transaction, or series of connected transactions, out of which the first action arose." *Id.* at 1116 (brackets omitted) (quoting *Lennon v. Dacomed Corp.*, 901 A.2d 582, 591 (R.I. 2006)).

Mr. Patel does not dispute that there was a final judgment in the LandingPartners case. Additionally, we conclude that LandingPartners and 1850 Post Road meet the identity of the parties requirement for *res judicata* to apply.

LandingPartners is the same entity as the plaintiff in the LandingPartners case. And, as defendants' counsel represented at argument before this Court, 1850 Post Road was created by LandingPartners to take ownership of Mr. Patel's property following the closing, and is owned by the same New York-based entity that owns LandingPartners. We are therefore satisfied that 1850 Post Road is in privity with LandingPartners such that *res judicata* may be applied. *See Reynolds*, 81 A.3d at 1116 ("[P]arties are in privity when there is a commonality of interest between the two entities and when they sufficiently represent each other's interests." (quoting *Lennon*, 901 A.2d at 591)).

Mr. Patel principally argues that *res judicata* cannot bar his claims because his complaint raises "new facts that do not arise from the previous claim and a claim that could not have been raised in prior litigation"; in other words, he argues that the new action does not meet the identity of the issues prong of *res judicata*.

A cursory review of the allegations in his complaint, however, satisfies us that that he is incorrect. As described above, Mr. Patel's complaint asserts six causes of action, each of which relates either to the agreement or to the transaction that formed the basis of the LandingPartners case. As a result, they are barred by *res judicata* and precluded based on this Court's adoption of the transactional rule. *See Reynolds*, 81 A.3d at 1115. More specifically, counts one, two, four, five, and six each arise from and assert violations of the agreement that formed the "brick[] and mortar" of

- 8 -

the LandingPartners case; those claims are therefore barred by *res judicata* because they raise an identical issue to the issues in the LandingPartners case. *ElGabri v. Lekas*, 681 A.2d 271, 277 (R.I. 1996). Additionally, counts two and three each assert allegations of wrongdoing in the course of the post-consent-order closing on the property, which was "part of the transaction, or series of connected transactions" out of which the first action arose, and which Mr. Patel could have challenged as part of the LandingPartners case; under the transactional rule, his failure to do so is fatal to his attempt to bring those claims in a successive action involving the same parties. *See id.* at 276 ("[T]he claim extinguished includes all rights of [a party] to remedies against [another party] with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose." (quoting *Manego v. Orleans Board of Trade*, 773 F.2d 1, 5 (1st Cir. 1985))); *see also Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1127 (R.I. 2018) (explaining that the transactional rule bars all claims "which could have properly been raised in a previous litigation" (quoting *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010))). Accordingly, we hold that Mr. Patel's complaint contains identical issues as the LandingPartners case, and the trial justice therefore appropriately dismissed Mr. Patel's claims against LandingPartners and 1850 Post Road on the basis of *res judicata*.

Mr. Patel nevertheless argues that his complaint raises "a claim that could not have been raised in prior litigation," and therefore that the trial justice erred in

applying *res judicata* to bar his claims. Mr. Patel's argument, however, misunderstands this Court's case law regarding *res judicata*. The relevant inquiry for the purposes of discerning whether the issues in a subsequent action are sufficiently similar to the issues in an earlier action such that *res judicata* applies is not whether the claims are different, but whether the claims in the new action could have been tried as part of the original suit. *See Reynolds*, 81 A.3d at 1115. As discussed above, each of Mr. Patel's claims could have been raised and tried as part of the LandingPartners case because they either relate to the agreement that was at the center of that case or to the transaction which was effectuated prior to the dismissal of that case with prejudice. Accordingly, Mr. Patel's claims against the LandingPartners and 1850 Post Road defendants were appropriately dismissed pursuant to *res judicata*.

### Mr. Mancini and Mancini Carter, PC

Unlike LandingPartners and 1850 Post Road, the claims against Mr. Mancini and his law firm are not barred by *res judicata*. Nevertheless, they were appropriately dismissed as each fails to state a claim upon which relief could be granted. *See Evoqua Water Technologies LLC*, 334 A.3d at 435 (affirming dismissal on grounds other than those relied on by the trial justice).

As noted above, *res judicata* precludes a second action when both the first and second action involve the same parties or where the second action includes parties

- 10 -

that are in privity with the parties in the earlier suit. *See Reynolds*, 81 A.3d at 1115-16 (defining "identity of the parties" requirement for *res judicata*). Mr. Mancini and his law firm were not parties to the LandingPartners case. For *res judicata* to apply, therefore, we must be satisfied that Mr. Mancini and his law firm are in privity with LandingPartners by virtue of their earlier representation of LandingPartners during the LandingPartners case. *See id.* Our analysis reveals that they are not.

Privity is established for the purposes of applying *res judicata* to a new party in a successive action when "there is a commonality of interest between the [new party and the old party] and when they sufficiently represent each other's interests." *Lennon*, 901 A.2d at 591 (quoting *Duffy v. Milder*, 896 A.2d 27, 36 (R.I. 2006)). Mr. Mancini and his law firm's earlier representation of LandingPartners in the LandingPartners case does not establish that LandingPartners sufficiently represented Mr. Mancini and his law firm's interests such that they are in privity. *Id.* In the LandingPartners case, LandingPartners' primary interest was its effort to enforce the terms of a contract it entered into for the purchase of the property, for which it intended to pay a sizable sum of money. LandingPartners therefore pursued contract remedies and was able to obtain relief in the nature of specific performance, along with a consent order. Here, however, Mr. Mancini and his firm are defendants with no contractual obligations or remedies under the agreement, default judgment, or consent order. Furthermore, in the LandingPartners case, Mr. Mancini advocated

- 11 -

for the corporate interests of LandingPartners; but in this action he advances his own interests and the interests of his law firm in order to avoid liability under an agreement to which he was not a party.[1]  On this record, therefore, we do not conclude that Mr. Mancini's earlier representation of LandingPartners establishes the privity necessary to apply *res judicata* to preclude Mr. Patel's claims against him or his law firm.

Nevertheless, we affirm the trial justice's decision to grant Mr. Mancini's motion to dismiss because Mr. Patel's complaint fails to state a claim upon which relief could be granted.  First, the trial justice appropriately dismissed counts one, two, five, and six of the complaint as against Mr. Mancini and his law firm because each of those counts assert claims for violation of the agreement, but Mr. Mancini and his firm were not parties to that agreement.  It is axiomatic that one who is not a party to a contract cannot be liable for purported breaches of that contract. *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 129 (1st Cir. 2006) (concluding that non-parties were not bound by agreement and thus could not be

---

[1] As courts in other jurisdictions have noted, a lawyer's "common objective" with their client to obtain a "favorable outcome" is usually not sufficient to establish privity where there is no other evidence of a commonality of interests. *Rucker v. Schmidt*, 794 N.W.2d 114, 119 (Minn. 2011); *Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709, 715 (Va. 2019) (explaining that "an attorney does not share the same legal interest as his or her client merely by virtue of his or her representation of that client" because representation does not create a "mutual * * * relationship to the same rights of property").

held liable for breach). Accordingly, we affirm the dismissal of Mr. Patel's complaint because it fails to state a claim upon which relief could be granted as there are no set of facts upon which Mr. Patel could establish that Mr. Mancini or his law firm violated the agreement.

The remaining counts of Mr. Patel's complaint, counts three and four, were also appropriately dismissed. Count three asserted a claim for fraudulent concealment. In order to properly plead fraudulent concealment, "a plaintiff must show: '(1) that the defendant made an actual misrepresentation of fact; and (2) that, in making such misrepresentation, the defendant fraudulently concealed the existence of the plaintiff's causes of action.'" *Sola v. Leighton*, 45 A.3d 502, 508 (R.I. 2012) (brackets omitted) (quoting *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 182 (R.I. 2008)). In assessing the allegations contained in Mr. Patel's complaint, however, it is clear to us that he has not alleged, nor could he conceivably allege, facts to support either element of this claim. Critically, he has not alleged that Mr. Mancini or his law firm "made an actual misrepresentation of fact * * *." *Id.* (quoting *Ryan*, 941 A.2d at 182). Rather, his complaint asserts that he "never received the consent order until December 12[,] 2024," and that it was "defendants knowing and intentional[]" concealment of that order that constituted a

- 13 -

"misuse of [the] [l]egal process" which caused him damage.[2]  Mr. Patel's allegation is therefore that Mr. Mancini and his law firm *failed* to make a statement to him, and not that they "made an actual misrepresentation of fact * * *." *Id.* (quoting *Ryan*, 941 A.2d at 182).  As a result, he fails to state a claim for fraudulent concealment and we affirm the trial justice's dismissal of count three on that basis.

Finally, we affirm the dismissal of count four as against Mr. Mancini and his law firm because count four, while labeled as a claim for unjust enrichment against "all defendants," alleges no facts regarding Mr. Mancini or his law firm, and the remainder of the allegations in his complaint do not assert that Mr. Mancini or his law firm received a benefit "whose retention without payment would result in * * * unjust enrichment * * * at the expense of" Mr. Patel. Restatement (Third) *Restitution and Unjust Enrichment* § 1 (2011) (October 2024 update).  Accordingly, we affirm the dismissal of count four as against Mr. Mancini and his law firm.

## Conclusion

In light of the foregoing, we affirm the trial justice's order dismissing Mr. Patel's complaint.  The papers may be remanded to the Superior Court.

Justice Goldberg participated in the decision but retired prior it its publication.

---

[2] We observe that Mr. Patel had been defaulted from the LandingPartners case by the time the consent order was signed and approved by the Superior Court.

- 14 -



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Jay Patel v. John O. Mancini et al. |
| **Case Number** | No. 2024-350-Appeal.<br>(PC 24-1296) |
| **Date Opinion Filed** | May 27, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jay Patel*, pro se*<br>For Defendants:<br><br>John O. Mancini, Esq. |