Dennis D. BOSSIAN

v.

Paul A. ANDERSON.

No. 2008–333–Appeal.

Supreme Court of Rhode Island.

April 16, 2010.

Dennis D. Bossian, Pro Se, for Plaintiff.

Michael T. Eskey, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice ROBINSON for the Court.

The plaintiff, Dennis D. Bossian, appeals *pro se* from the Providence County Superior Court's grant of summary judgment in favor of the defendant, Paul A. Anderson. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the

written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On February 17, 1999, plaintiff filed a three-count complaint against defendant (one of plaintiff's former law partners), alleging various causes of action arising out of the dissolution of their law firm.[1] Nearly three months after filing the original complaint, plaintiff filed an amended complaint containing a fourth count, sounding in conversion. In that fourth count of his amended complaint, plaintiff asserted that defendant had improperly transferred $192,543.66 from the law firm's checking account into his personal checking account. A bench trial was held in the Providence County Superior Court over several days beginning in November of 2002 and concluding in April of 2003. *In re Dissolution of Anderson, Zangari & Bossian*, 888 A.2d 973, 975 (R.I.2006). In due course, the trial justice issued a written decision setting forth a mechanism for distributing the partnership's assets. *Id.* Being dissatisfied with the decision of the Superior Court, plaintiff appealed to this Court. *Id.* After full briefing and oral argument, we issued our decision, affirming the judgment of the Superior Court. *Id.* at 978.

Subsequent to the issuance of our decision (which did not specifically make men-tion of plaintiff's allegation of conversion), defendant filed a motion for summary judgment in the Superior Court with respect to the fourth count of plaintiff's amended complaint (conversion). The defendant contended that the doctrine of *res judicata* precluded plaintiff from further pursuing his conversion claim, since, according to defendant, that count had been the subject of a lengthy trial held in the Superior Court in 2002–2003, and that court's judgment was affirmed by this Court. *See id.* On June 29, 2007, the same trial justice of the Superior Court who had presided over the bench trial in 2002 and 2003 granted summary judgment in favor of defendant as to the fourth count, ruling that the doctrine of *res judicata* applied and barred plaintiff from seeking to recover under the fourth count of his amended complaint. An order granting summary judgment in favor of defendant with respect to the fourth count was entered on July 13, 2007. Final judgment was entered in favor of defendant as to that fourth count on December 19, 2008. The plaintiff filed a timely notice of appeal to this Court. On appeal, plaintiff contends that the trial justice erred in granting summary judgment in favor of defendant on the basis of *res judicata*.[2]

# II

## Standard of Review

■ It is well settled that we review a trial justice's decision on a motion for summary judgment in a *de novo* manner. *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 391 (R.I.2008). In conducting such a re-

---

1. For a more comprehensive description of the underlying facts and legal issues involved in this case, *see In re Dissolution of Anderson, Zangari & Bossian*, 888 A.2d 973 (R.I.2006).

2. The plaintiff's rather vague allusion to the "law of the case" as constituting a separate appellate issue will not be analyzed due to plaintiff's complete failure to have developed that argument in any meaningful way. *See Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1132 n. 1 (R.I.2002).

view, we employ the same standards as the trial justice used—*i.e.*, "we view the evidence in the light most favorable to the nonmoving party, and if we conclude that no genuine issue of material fact exists, then the moving party is entitled to judgment as a matter of law and we affirm the grant of summary judgment." *People's Credit Union v. Berube*, 989 A.2d 91, 93 (R.I.2010).

## III

### Analysis

■ This Court has unequivocally held as follows: *"Res judicata*, or claim preclusion, prohibits the relitigation of all issues that were tried *or might have been tried* in the original suit * * *." *Carrozza v. Voccola*, 962 A.2d 73, 78 (R.I.2009) (emphasis added) (internal quotation marks omitted); *see also E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1186 (R.I. 1994).

■ In essence, the doctrine of *"[r]es judicata* serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action." *In re Sherman*, 565 A.2d 870, 872 (R.I. 1989) (internal quotation marks omitted); *see also Palazzo v. Alves*, 944 A.2d 144, 152 (R.I.2008); *Garganta v. Mobile Village, Inc.*, 730 A.2d 1, 4 (R.I.1999); *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I.1996).

With respect to the instant case, it is clear that the first element (identity of parties) is established, since both plaintiff and defendant were opposing parties in the original action. The third element is also present, since final judgment was entered in the first action on November 4, 2003, and that judgment was subsequently affirmed by this Court. *See In re Dissolution of Anderson, Zangari & Bossian*, 888 A.2d at 978.

■ As to the second element (identity of issues), "this Court has adopted the 'transactional' rule governing the preclusive effect of the doctrine of *res judicata* * * *." *DiBattista v. State*, 808 A.2d 1081, 1086 (R.I.2002); *see also Lennon v. Dacomed Corp.*, 901 A.2d 582, 592 (R.I. 2006); *Ritter v. Mantissa Investment Corp.*, 864 A.2d 601, 605 (R.I.2005). The transactional rule provides that "all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action." *DiBattista*, 808 A.2d at 1086; *see also Mills v. Toselli*, 916 A.2d 756, 757 (R.I.2006) (mem.); *see generally Foster–Glocester Regional School Committee v. Board of Review, Department of Labor and Training*, 854 A.2d 1008, 1014 n. 2 (R.I.2004); *Thomas v. Ross*, 477 A.2d 950, 953 (R.I.1984) ("Trial on an installment-plan basis cannot be countenanced * * *."). In spite of plaintiff's assertion that "the specific 'Conversion' allegations against [defendant] have [not] been *'authoritatively,'* and *'legally'* ruled upon," it is absolutely clear that the fourth count arose from the same transaction that was at issue in the previous litigation, and it could have been raised therein. *See In re Dissolution of Anderson, Zangari & Bossian*, 888 A.2d at 978. It is therefore our opinion that the fourth count is barred by the transactional rule that this Court has expressly made part of its *res judicata* jurisprudence. *See DiBattista*, 808 A.2d at 1086.[3]

---

3. In view of our resolution of this case on the basis of our well-settled *res judicata* jurisprudence, we need not and therefore do not consider plaintiff's argument on appeal that the trial justice "failed to rely upon 'competent evidence' in the record of this case" in ruling upon and granting defendant's motion

In closing, it is appropriate to reiterate the poignant words of the trial justice several years ago in his June 4, 2003 decision:

> "It is now time for each of the unhappy former partners to put this matter aside and to use his or her respective considerable talents and skill for doing what each has been trained to do—providing counsel to clients in need—rather than participating in an endless maze of pro se litigation."

We consider it to be especially unfortunate that, despite the trial justice's admonition at an early stage, the instant litigation has been prolonged for an additional seven years. *See Estate of Mitchell v. Gorman*, 970 A.2d 1, 6 (R.I.2009) ("The parties in this case have had their day in court; it is time to bring this matter, at long last, to its conclusion."); *Palazzo*, 944 A.2d at 155 ("There is nothing more to be said; this case is over."); *Arena v. City of Providence*, 919 A.2d 379, 396 (R.I.2007) ("It is time for this litigation to end.").

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment in favor of the defendant. The record may be remanded to that tribunal.

for summary judgment with respect to the