**Supreme Court**

No. 2013-274-Appeal.
(PM 13-1644)

Torrado Architects                    :

v.                    :

Rhode Island Department of                    :
Human Services.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Torrado Architects          :

v.          :

Rhode Island Department of          :
Human Services.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.


**O P I N I O N**

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on October 30, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  The plaintiff, Torrado Architects (Torrado), appeals from a Superior Court judgment in favor of the defendant, Rhode Island Department of Human Services (DHS), denying the plaintiff's successive petition to compel arbitration filed after the first arbitration proceeding in this matter was concluded and confirmed. After considering the arguments advanced by counsel, we are satisfied that cause has not been shown and that the appeal may be decided at this time.  For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

On July 1, 2008, Torrado signed an agreement to perform architectural, engineering, and design services, for a fee of $61,500, for renovations at a state-owned property located at 480 Metacom Avenue in Bristol, Rhode Island—commonly known as the Rhode Island Veterans Home.  A document referred to as a Blanket Purchase Agreement (BPA) was issued to Torrado

on April 17, 2009, and signed by the state purchasing agent. The BPA referenced the agreement dated July 1, 2008. The BPA explicitly stated that the compensation was "NOT TO EXCEED" $61,500. This fee was calculated as a percentage of the overall expected construction costs.

Torrado claims that the administrator of the home, General Richard Baccus (Baccus), assured its representatives that additional services, outside the scope of the BPA, needed to be performed and that Torrado would be compensated for those services. By letter dated April 27, 2010, Torrado communicated with Baccus the need for additional compensation based on the design changes. Specifically, Torrado asserted that the anticipated construction costs for the project had nearly doubled and that, therefore, their fee—which was based on a percentage of the total construction costs—had also increased significantly.

On January 24, 2012, Baccus submitted an "EOHHS Critical Expense Request Form" and a "Single Source Justification Form" to the Division of Purchases, seeking the funds necessary to pay Torrado's increased fees. This request was denied on March 30, 2012. On June 11, 2012, Torrado submitted a contract dispute claim to State Purchasing Agent Lorraine Hynes (Hynes), pursuant to the State of Rhode Island Procurement Regulations section 1.5.2.[1] Hynes denied the claim on July 16, 2012. Torrado appealed Hynes' determination to the Chief Purchasing Officer (CPO) pursuant to Procurement Regulations sections 1.5.6[2] and 1.6. The CPO denied Torrado's appeal by memorandum dated September 10, 2012. Torrado then filed a

---

[1] Section 1.5.2 of the State of Rhode Island Procurement Regulations provides: "The Purchasing Agent is authorized to resolve contract disputes between contractors and user agencies upon the submission of a request in writing from either party * * *."

[2] Section 1.5.6 provides that "[a]ny appeal from the Purchasing Agent's determination of a contract dispute * * * must be filed with the Chief Purchasing Officer within fourteen (14) calendar days and in accordance with the 'bid protest' procedures set forth in Section 1.6 of these regulations entitled 'Resolution of Protest.'"

complaint[3] in the Superior Court seeking relief pursuant to an Administrative Appeals Procedure and the Administrative Procedures Act. In the prayer for relief, Torrado asked the court to (1) reverse the decision of the CPO; (2) award Torrado a revised contract amount of $156,000; and (3) award "[a]ny other relief as this [c]ourt deems just."

The parties, on October 15, 2012, stipulated that the matter would be held in abeyance while a statutory arbitration procedure was under way.[4] The arbitrator issued a "Decision and Award" on December 17, 2012. The arbitrator indicated in his decision that, although he sympathized with Torrado because he believed that plaintiff rendered additional services to DHS, he concluded that the additional work was not authorized under the procurement regulations. Accordingly, the arbitrator concluded that Torrado was entitled to recover only the outstanding amount owed pursuant to the BPA. Finally, after previously denying a request by Torrado to expand the scope of the arbitration by considering claims that were equitable in nature, and not set forth in the Superior Court complaint, the arbitrator declared that he:

> "makes no determination as to what, if any, other remedies Torrado may have, including but not limited to the pleading causes of action against the State sounding in quantum meruit, unjust enrichment, promissory estoppel and/or negligence in allowing Administrator Baccus to wrongfully procure additional work, thereby leading to potential recovery of the monies sought."

Torrado then filed a motion requesting that the arbitrator reconsider his decision. The basis of the motion to reconsider was Torrado's position that the arbitrator refused to consider Torrado's alternative remedies. Torrado later withdrew its motion. By agreement of the parties, the arbitrator's award was confirmed on January 7, 2013. No appeal from this award was taken.

---

[3] Torrado Architects v. Richard A. Licht, Director of the Department of Administration, in his official capacity as the Chief Purchasing Officer for the State of Rhode Island and Providence Plantations, C.A. No. PB 12-4922.

[4] See G.L. 1956 § 37-2-48 and G.L. 1956 chapter 16 of title 37.

- 3 -

Thereafter, on April 5, 2013, Torrado filed a petition to compel arbitration in the Superior Court against DHS. Torrado had previously demanded, and DHS had refused, to arbitrate equitable claims that the arbitrator declined to consider in the first arbitration. Torrado's motion to compel was heard on May 7, 2013. The trial justice rendered a bench decision on June 24, 2013, declaring that Torrado's claims were barred by the doctrine of res judicata. In denying the requested relief, the trial justice expressed surprise that the arbitrator did not stay the arbitration and encourage Torrado to amend its complaint. The trial justice suggested that Torrado could have amended its complaint, even after arbitration concluded, and that its failure to do so was fatal. Judgment entered on June 25, 2013, in favor of DHS on Torrado's petition to compel arbitration. Torrado filed a notice of appeal from this judgment on June 26, 2013.

**Standard of Review**

"[W]hether a dispute is arbitrable is a question of law that this Court reviews de novo." Weeks v. 735 Putnam Pike Operations, LLC, 85 A.3d 1147, 1151 (R.I. 2014) (quoting State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 866 A.2d 1241, 1247 (R.I. 2005)). "[A] duty to arbitrate a dispute arises only when a party agrees to arbitration in clear and unequivocal language; and, even then, the party is only obligated to arbitrate issues that it explicitly agreed to arbitrate." Id. at 1152 (quoting State Department of Corrections, 866 A.2d at 1247).

**Issue Presented**

There is no dispute that questions related to Torrado's performance of its contract with DHS are arbitrable under the Public Works Arbitration Act. See G.L. 1956 § 37-16-2. The sole issue before the Court is whether the original arbitration award—which ripened into a judgment

when it was confirmed by the Superior Court—has <u>res judicata</u> effect on Torrado's petition to compel arbitration.

**Analysis**

"The doctrine of <u>res judicata</u> bars the relitigation of all issues that 'were tried <u>or might have been tried</u>' in an earlier action." <u>Huntley v. State</u>, 63 A.3d 526, 531 (R.I. 2013) (quoting <u>Bossian v. Anderson</u>, 991 A.2d 1025, 1027 (R.I. 2010)). The doctrine serves as a bar to a second cause of action where there exists: (1) "identity of parties"; (2) "identity of issues"; and (3) "finality of judgment in an earlier action." <u>Id.</u> (quoting <u>Bossian</u>, 991 A.2d at 1027).

There is no dispute that both identity of parties and finality of judgment exist. Rather, Torrado challenges the existence of the second element—identity of issues. Torrado argues that the trial justice erred with respect to identity of issues for two reasons. First, Torrado asserts that its equitable claims could not have been asserted in the first complaint because they were not part of the administrative appeal that was referred to arbitration. Torrado argues that once the arbitration commenced, the arbitrator was vested with the authority to decide procedural matters, including whether Torrado could add counts to be arbitrated. Torrado contends that, because the arbitrator refused to allow the amendment, an identity of issues is not present. Second, Torrado argues that, by objecting to the motion to amend the scope of the arbitration proceeding, DHS acquiesced to split the issues such that the arbitrator later "carved out" the claims from the arbitration award.

In determining whether a claim is barred because of identity of issues, this Court has adopted the transactional rule set forth in § 24 of the Restatement (Second) <u>Judgments</u>. <u>See</u> <u>Plunkett v. State</u>, 869 A.2d 1185, 1188-89 (R.I. 2005) (citing <u>ElGabri v. Lekas</u>, 681 A.2d 271, 276 (R.I. 1996)). Section 24(1) of the Restatement (Second) <u>Judgments</u> at 196 (1982) provides

that a claim that is extinguished by a final judgment "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." In order to determine whether a claim arose out of the same transaction, the Court will look to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. at § 24(2); see also Plunkett, 869 A.2d at 1189.

However, even if the transactional test is satisfied, there are several exceptions that could preclude the application of the doctrine. One such exception exists when "'formal barriers in fact exist[] and [are] operative against a plaintiff in the first action,' preventing full presentation of his or her claim." Plunkett, 869 A.2d at 1190 (quoting Restatement (Second) Judgments § 26 at cmt. c). This Court has recognized another exception, stating that the rule against splitting claims is "not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim." ElGabri, 681 A.2d at 277 (quoting Restatement (Second) Judgments § 26 at cmt. a). Additionally, the Restatement provides that, when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action[,]" the rule against splitting claims will not apply. Restatement (Second) Judgments § 26(1)(b) at 233.

"The principle underlying the rule of [res judicata] * * * is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." Huntley, 63 A.3d at 532 (quoting Restatement (Second) Judgments ch. 1 at 6). Here, Torrado had ample opportunity to bring its equitable claims but failed to do so. The equitable claims that Torrado seeks to assert arise out of the same set of facts that were the basis of the administrative appeal—that Baccus induced Torrado to perform additional work that was

not part of the original contract. When claims arise from the same set of factual circumstances, the identity-of-issues prong is satisfied. See Plunkett, 869 A.2d at 1189.

Additionally, there are no exceptions to the res judicata doctrine present in this case that would serve to negate the finality of the judgment confirming the arbitration award. First, formal barriers were not present that would have prevented Torrado from asserting its equitable claims in the original complaint or by way of an amended complaint filed before the arbitrator's award ripened into a final judgment. In fact, it appears that Torrado was aware of this possibility when it argued in its motion to reconsider the decision of the arbitrator: "Torrado's further position is that in the sake of 'judicial economy,' this Arbitrator should hear Torrado's further actions against the State rather than Torrado amending its complaint and alleging those causes of action against the State." Nonetheless, the parties stipulated to an order confirming the arbitrator's decision.

Similarly, we cannot agree with Torrado's contention that the arbitrator "carved out" the equitable claims in his decision—thereby creating an exception to the prohibition against splitting claims—when he declared that he:

> "makes no determination as to what, if any, other remedies Torrado may have, including but not limited to the pleading causes of action against the State sounding in quantum meruit, unjust enrichment, promissory estoppel and/or negligence in allowing Administrator Baccus to wrongfully procure additional work, thereby leading to potential recovery of monies sought. * * * Such causes of action that might be pled, if any, are outside of the purview of this Arbitration[.]" (Emphases added.)

The arbitrator did not "carve out" the equitable claims as Torrado contends, but simply decided not to make any determination about them as they were outside the scope of the arbitration. Although the arbitrator mentioned the possibility of pleading these claims in the future, the award did not provide the right to do so after judgment entered. Rather, his decision was

tempered by the hypothetical verbs of "may" and "might." The arbitrator recognized the possibility of Torrado bringing additional equitable claims, but certainly his decision did not guarantee that possibility or "carve out" the equitable claims for a future complaint. The availability of an avenue to litigate additional equitable claims was extinguished when the arbitrator's decision was confirmed by the parties on January 7, 2013.[5] After that, the <u>res judicata</u> effect of the judgment defeats any future claims arising out of the same transaction.

## Conclusion

For the reasons set forth above, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

---

[5] There is no evidence that DHS acquiesced to the splitting of the claims "in express words or otherwise." <u>ElGabri v. Lekas</u>, 681 A.2d 271, 277 (R.I. 1996). Certainly, DHS did not consent by objecting to the arbitrator hearing the equitable claims, as Torrado argues. Without any evidence of DHS giving its explicit consent to the splitting of the claims, Torrado's assertion of this exception applying is without merit. Accordingly, we decline to address it substantively.



**TITLE OF CASE:** Torrado Architects v. Rhode Island Department of Human Services.

**CASE NO:** No. 2013-274-Appeal.
(PM 13-1644)

**COURT:** Supreme Court

**DATE OPINION FILED:** November 25, 2014

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For Plaintiff: Girard R. Visconti, Esq.

For Defendant: Michael D. Mitchell, Esq.