March 11, 2024

**Supreme Court**

No. 2023-79-Appeal.
(PC 21-1072)

Lourenco DoCouto            :

v.                            :

Blue Water Realty, LLC, et al.       :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2023-79-Appeal.
(PC 21-1072)

Lourenco DoCouto

v.

Blue Water Realty, LLC, et al.

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, Lourenco DoCouto,[1] appeals

from a September 22, 2022 final order of the Superior Court, granting the motion to

dismiss filed by the defendants, Blue Water Realty, LLC (Blue Water) and Louis

Bachetti.  The plaintiff contends before this Court that (1) the hearing justice erred

in determining that the doctrine of *res judicata* applied; (2) the hearing justice erred

in dismissing Mr. DoCouto's 2020 complaint with prejudice for failure to have

timely served defendants; (3) the District Court did not have subject matter

jurisdiction over Mr. DoCouto's equitable claims in the eviction proceedings; and

(4) the amount of compensatory damages sought by the plaintiff exceeded the

---

[1]     We note that the record contains variations as to the spelling of Mr. DoCouto's last name.  For the sake of consistency, we have opted to utilize the spelling "DoCouto," which is how his name was spelled in the complaints filed in the Superior Court.

- 1 -

$10,000 statutory maximum for District Court jurisdiction with respect to a case of this nature.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Travel[2]

This appeal involves property located at 389 Glenwood Avenue in Pawtucket, Rhode Island (the Property). In both complaints filed in Superior Court (discussed *infra*), plaintiff alleged that he purchased the Property in 2004 and that he later transferred the Property to a "now revoked Rhode Island entity, Brava Properties, LLC, in 2008." According to plaintiff, Blue Water "attempted" to take title to the Property in 2012 pursuant to a foreclosure sale. The plaintiff alleged that he filed

---

[2] We glean the facts primarily from the allegations in plaintiff's 2021 complaint and the documents attached to the motion to dismiss, all of which we assume to be true for purposes of our review of a grant of a motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. *See Nerney v. Town of Smithfield*, 269 A.3d 753, 756 (R.I. 2022).

for bankruptcy in 2012 to prevent Blue Water from being able to foreclose on the Property. The plaintiff further alleged that, in October of 2012, he "entered into an agreement entitled Residential Lease and Option to Purchase Agreement, which among other things, gave the Plaintiff the option to purchase the [P]roperty for the consideration of $136,000.00." (Internal quotation marks omitted.) The plaintiff alleged that his attempt to exercise said option was thwarted by defendants and that, for that reason, he commenced an action in Providence County Superior Court in 2015 to compel the sale of the Property.

The plaintiff alleged that a new option agreement, entitled "Option to Purchase Agreement," was signed in 2015. According to the complaint, the new option agreement contained an agreed-upon sale price of $175,000, with a closing date scheduled for November 18, 2016. It was plaintiff's allegation that the closing was postponed due to the "existence of minimum housing violations on record." However, according to plaintiff, the "title issues" were eventually resolved, but defendants never allowed him to exercise his option regarding purchase of the Property.

The plaintiff further alleged that, during the period from 2012 to 2019, he and defendant Louis Bachetti had a "separate agreement," wherein plaintiff "provided maintenance and property management services" at the Property as well as at other

properties owned by Mr. Bachetti. The plaintiff alleged that Mr. Bachetti never paid him for the services he rendered during that time period.

In October of 2019, Mr. Bachetti, "as agent for Blue Water Realty LLC," filed a complaint for eviction in the Sixth Division of the District Court because Mr. DoCouto had remained in possession of the rented premises, which were listed as "389 Glenwood Avenue 3rd Floor," subsequent to "the period set forth" in the notice of termination of tenancy. Thereafter, Mr. DoCouto filed an answer and a counterclaim, which contained the following counts: (1) "breach of contract as to exercise of option;" (2) "breach of contract re: maintenance and rent collection;" (3) "fraudulent inducement;" and (4) "utility bills."

In the counterclaim, Mr. DoCouto requested that Mr. Bachetti be ordered to comply with the terms and conditions of the Option to Purchase Agreement and that the court compel the sale of the Property to him. The counterclaim further contended that, in the event that Mr. Bachetti was unable or unwilling to sell the Property, Mr. DoCouto should be allowed to remain on the Property and be compensated for breach of the Option to Purchase Agreement. Additionally, Mr. DoCouto sought payment for services allegedly provided by him to Mr. Bachetti, and he sought permission to occupy the Property until said payment was made or Mr. Bachetti "complie[d] with said Option to Purchase Agreement." Mr. DoCouto also demanded that Mr. Bachetti be required to pay amounts owed to National Grid for

- 4 -

electric utilities. Moreover, Mr. DoCouto sought damages for unlawful and fraudulent inducement. It was Mr. DoCouto's assertion that "the jurisdiction and equitable powers granted to [the District Court] by the Rhode Island Landlord-Tenant Act allow it to issue equitable and monetary awards in excess of the normal jurisdiction" amount.

A non-jury trial took place on February 25, 2020; and, on that same day, judgment entered in favor of Mr. Bachetti for possession and for damages in the amount of $8,026. Moreover, Mr. DoCouto's counterclaim was dismissed. On February 28, 2020, the parties executed a stipulation, in which they agreed that: (1) the execution on the judgment would be stayed until July 1, 2020; (2) Mr. DoCouto would make three monthly rental payments of $1,300 (for the months of April, May, and June of 2020); (3) Mr. DoCouto would execute a release of the *lis pendens* which he had recorded on the Property; and (4) Mr. DoCouto would "waive any and all claims past and present" against Mr. Bachetti. Mr. DoCouto did not appeal the District Court judgment nor the dismissal of his counterclaim.

In October of 2020, plaintiff filed a complaint in Providence County Superior Court against defendants (the 2020 complaint). Although plaintiff's 2020 complaint indicated that he would be "sending a copy" of the complaint to defendants, it is clear from the record that the complaint was in fact never timely served on defendants.

On February 12, 2021, plaintiff filed a complaint, almost identical to the 2020 complaint, alleging the following four counts: (1) breach of contract as to the Option to Purchase Agreement; (2) quantum meruit in relation to the services provided by plaintiff; (3) unjust enrichment; and (4) fraud (the 2021 complaint).[3] On April 21, 2022, defendants filed motions to dismiss Mr. DoCouto's 2020 and 2021 complaints. In their motions to dismiss, defendants contended that Mr. DoCouto's 2020 complaint should have been dismissed for failure of service. Additionally, defendants asserted that both the 2020 and 2021 complaints were barred by the doctrine of *res judicata* in that Mr. DoCouto's claims had been heard and decided in the eviction proceeding initiated by defendants in the District Court in 2019.

A hearing on defendants' two motions to dismiss took place in the Superior Court on August 31, 2022. In support of their motions to dismiss, defendants asserted that plaintiff's Superior Court actions were barred by *res judicata* in that the same parties and the same issues had been adjudicated in the eviction proceeding, wherein the District Court entered final judgment in favor of Mr. Bachetti and also dismissed Mr. DoCouto's counterclaim. At the August 31, 2022 hearing in the Superior Court, Mr. DoCouto, appearing *pro se*, contended: "I was evicted unfairly without knowing what's going on because I have a transcript from [the] beginning

---

[3]     As discussed *infra*, Mr. DoCouto has filed a notice of appeal only as to the 2021 case.

that my lawyer was talking to him without my knowledge." At the August 31, 2022 hearing, counsel for defendants sought to explain the context as follows:

> "At the District Court hearing on the motion to release the *lis pendens*, Mr. DoCouto had made numerous allegations that [his attorney] and I basically conspired to ensure that the judgment remained in effect and he had no ability to vacate that judgment, or to file any motions to fight that judgment, or to proceed with his allegations that he's the owner of the property."

As for the stipulation, counsel for defendants indicated that he wrote that document and went through it line-by-line with Mr. DoCouto, explaining to him what would happen when they went in front of the hearing justice. He added that he explained to Mr. DoCouto "what the word execution means" and that "a piece of paper * * * can be obtained to move you out if you do not vacate by this date, and the date on that was July 1st * * *."

At the conclusion of the hearing, the hearing justice rendered a bench decision. The hearing justice summarized the facts and travel of the case, emphasizing the underlying February 2020 eviction proceeding, wherein judgment had entered in favor of defendants with respect to Mr. DoCouto's counterclaims. The hearing justice further noted that Mr. DoCouto had not appealed the District Court's judgment to the Superior Court. The hearing justice proceeded to review plaintiff's allegations and to assess the arguments presented to the court.

Beginning with the 2020 Superior Court complaint, the hearing justice determined that not only did Mr. DoCouto fail to make service upon defendants within 120 days after the commencement of the action, but he further pointed out that there was nothing in the record indicating that defendants had ever been served; and he further observed that Mr. DoCouto did not show good cause for that failure to make service. The hearing justice therefore dismissed the 2020 complaint because of plaintiff's failure to have timely served the complaint.

The hearing justice next found that both the 2020 and 2021 complaints should have been dismissed based on the doctrine of *res judicata*. The hearing justice first reasoned that the parties in the eviction proceedings were the same or in privity with the parties in the case before him. As to the issues, he found that Mr. DoCouto's counterclaim in the eviction proceedings had alleged the same facts and arose out of the same transactions or series of transactions as those set forth in the 2020 and 2021 complaints. Lastly, the hearing justice ruled that the dismissal of Mr. DoCouto's counterclaim was an adjudication on the merits. The hearing justice also observed that Mr. DoCouto had never appealed the rulings of the District Court—which, he commented, further supported the fact that the "judgment of the District Court case was final." The hearing justice therefore determined that the "instant [c]omplaints [were] barred under the *res judicata* doctrine." Separate orders granting the motions

to dismiss and ordering the release of the *lis pendens* were entered on September 22, 2022 in each case.

Mr. DoCouto filed a timely notice of appeal of the order granting the motion to dismiss the 2021 complaint. However, no notice of appeal was filed with respect to the order granting the motion to dismiss the 2020 complaint. On March 24, 2023, Mr. DoCouto, acting *pro se*, filed a statement pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, and defendants filed their Rule 12A counterstatement on April 10, 2023. Shortly thereafter, Mr. DoCouto's counsel entered an appearance and filed a motion to submit an amended Rule 12A statement, which motion this Court granted. Counsel for Mr. DoCouto filed an amended Rule 12A statement on June 13, 2023, and counsel for defendants filed a supplemental Rule 12A counterstatement on August 4, 2023.

## II

### Issues on Appeal

Mr. DoCouto argues on appeal that: (1) the hearing justice erred in determining that the doctrine of *res judicata* applied; (2) the hearing justice erred in dismissing Mr. DoCouto's 2020 complaint with prejudice for failure to have timely served defendants; (3) the District Court was without jurisdiction to pass upon Mr. DoCouto's counterclaim in the eviction proceedings; and (4) the amount of compensatory damages requested by him "is in excess of $10,000, which exceeds

- 9 -

the amount of controversy limit of" G.L. 1956 § 8-8-3(a)(1) and G.L. 1956 § 8-2-14(a).

## III

## Standard of Review

This Court has clearly stated that, "[i]n reviewing a hearing justice's decision with respect to a Rule 12(b)(6) motion to dismiss, this Court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *Palazzo v. Alves*, 944 A.2d 144, 149 (R.I. 2008). We have also made clear that the "sole function of a motion to dismiss is to test the sufficiency of the complaint" and that the grant of a motion to dismiss is "appropriate when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* at 149-50 (internal quotation marks omitted).

We have added that, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Super. R. Civ. P. 12(b); *see Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22 (R.I. 2018) ("[W]hen a motion to dismiss includes documents as exhibits that were either mentioned or referred to in a complaint but not expressly incorporated, and the

- 10 -

hearing justice does not explicitly exclude them from consideration, the motion automatically converts to one for summary judgment.") (internal quotation marks and deletion omitted). However, "we have acknowledged a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *EDC Investment, LLC v. UTGR, Inc.*, 275 A.3d 537, 542-43 (R.I. 2022) (internal quotation marks omitted).[4]

## IV

## Analysis

In Mr. DoCouto's *pro se* Rule 12A statement, he contends that his complaint should not have been dismissed based on the doctrine of *res judicata*. Specifically, he asserts that, in the Superior Court, he brought an action against Mr. Bachetti individually, as well as against Blue Water. Mr. DoCouto argues that Mr. Bachetti was not a party to the eviction case in his individual capacity, contending that Mr. Bachetti "brought the eviction case as agent for the LLC." Additionally, Mr. DoCouto avers that "there were not identical claims filed," in that claims "based in

---

[4]    The defendants appended three documents to their motions to dismiss: (1) the eviction complaint; (2) Mr. DoCouto's answer and counterclaim with respect to the eviction complaint; and (3) the District Court judgment. We are satisfied that the consideration of these documents by the hearing justice as part of his analysis was appropriate, since the documents fall squarely within the narrow exception which this Court has previously articulated.

equity under Quantum Meruit and Unjust Enrichment" were brought in the Superior Court but were not included in his counterclaim in the eviction proceedings in the District Court.

For their part, defendants maintain that Mr. Bachetti was an agent for Blue Water and was therefore in privity with that entity. It is their position that this Court should reject "Mr. DoCouto's suggestion that his new Superior Court case somehow evades the preclusive effect of the judgment and stipulation in his District Court case." The defendants contend that Mr. DoCouto's "claims are barred, and the Superior Court properly dismissed them."

The doctrine of *res judicata* "prohibits the relitigation of all issues that were tried *or might have been tried* in the original suit * * *." *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010) (quoting *Carrozza v. Voccola*, 962 A.2d 73, 78 (R.I. 2009)); *see also Apex Oil Company, Inc. v. State, by and through Division of Taxation*, 297 A.3d 96, 112 (R.I. 2023) ("Importantly, claim preclusion does not require that the issue to be precluded has actually been litigated or necessarily decided.") (internal quotation marks, deletion, and brackets omitted). We have stated that, "[i]n essence, the doctrine of *res judicata* serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action." *Bossian*, 991 A.2d at 1027 (internal quotation marks and brackets omitted); *see Lennon v. Dacomed Corporation*, 901

A.2d 582, 590 (R.I. 2006) ("[R]*es judicata* or claim preclusion relates to the effect of a final judgment between the parties to an action and those in privity with those parties.") (internal quotation marks omitted).

Res judicata or "[c]laim preclusion will bar a second action if the following three requirements are fulfilled: (1) the parties are the same or in privity with the parties of the previous proceeding; (2) an identity of issues in both proceedings; and (3) a valid final judgment on the merits has been entered in the previous proceeding." *Apex Oil Company, Inc.*, 297 A.3d at 112 (internal quotation marks omitted). We have also stated that, "[u]nder the concept of privity, a non-party may be bound by a prior judgment if that party substantially controlled or was represented by a party to the original action." *Commercial Union Insurance Company v. Pelchat*, 727 A.2d 676, 680 (R.I. 1999). We have further stated that "[p]arties are in privity when there is a commonality of interest between the two entities and when they sufficiently represent each other's interests." *Duffy v. Milder*, 896 A.2d 27, 36 (R.I. 2006) (quoting *Commercial Union Insurance Company*, 727 A.2d at 680). Moreover, the transactional rule governs the preclusive effect of *res judicata* with respect to the identity of issues. *See BI Boat Basin Associations, LLC v. Sky Blue Pink, LLC*, 242 A.3d 462, 466 (R.I. 2020). This Court has explained that "the transactional rule provides that all claims arising from the same transaction or series of transactions

which could have properly been raised in a previous litigation are barred from a later action." *Bossian*, 991 A.2d at 1027 (internal quotation marks omitted).

In the case at bar, Mr. DoCouto's argument pertaining to the identity of the parties is unavailing. Mr. DoCouto's own counterclaim filed in the eviction action alleged that Mr. Bachetti purchased the Property "through various entities," and "eventually took possession of and currently holds said property in the name of Blue Water Realty * * *." Similarly, in his 2021 Superior Court complaint, Mr. DoCouto alleged that "Louis Bachetti is the owner of the Co-Defendant Blue Water Realty, LLC * * *." Moreover, it is undisputed that Mr. Bachetti is the sole owner of Blue Water. Mr. Bachetti's sole ownership of and his agency relationship with Blue Water very clearly signal that there is a commonality of interests between the two parties and that they sufficiently represent each other's interests. *See Duffy*, 896 A.2d at 36. We are satisfied that nothing in the record suggests that Mr. Bachetti and Blue Water were not in privity for *res judicata* purposes.

As to the identity of issues, Mr. DoCouto's argument that his 2021 complaint included claims for unjust enrichment and quantum meruit, which were not asserted in his counterclaim to the eviction proceeding, is similarly unpersuasive. When comparing the almost identical facts alleged in Mr. DoCouto's 2021 complaint and his eviction counterclaim, it is evident that his unjust enrichment and quantum meruit claims arose from the same transaction or series of transactions—*viz.*, an

- 14 -

option agreement involving the Property, services allegedly provided by Mr. DoCouto to Mr. Bachetti, and allegations that Mr. Bachetti fraudulently induced Mr. DoCouto to perform those services. Accordingly, it is our opinion that the hearing justice did not err in determining that Mr. DoCouto's claims were barred by *res judicata*.[5]

Mr. DoCouto additionally argues that the "Superior Court should not have declared final [judgment] with prejudice on [his] Claim on the basis of *res judicata*." Specifically, Mr. DoCouto contends that "[a]s *res judicata* should not have been a determinative factor to dismiss [his] Superior Court Claim, [his] Claim could only have been dismissed on the grounds that Blue Water and Bachetti had not been served within 120 days." In sum, because Mr. DoCouto contends that the only potential ground for dismissal would have been based on failure of timely service, he now asserts that the hearing justice erred in dismissing his 2020 complaint with prejudice for failure to have timely served defendants.

The defendants contend that the question of whether the dismissal of the 2020 complaint should have been without prejudice has not been appealed to this Court.

---

[5] We note that Mr. DoCouto has not disputed that a final judgment was entered in the eviction proceedings, the entry of such a judgment being one of the requirements for the doctrine of *res judicata* to apply. We are aware, of course, that Mr. DoCouto questions the "jurisdiction" of the District Court—an issue which we address *infra*.

We agree. Mr. DoCouto's assertions relating to the 2020 complaint are not properly before this Court due to the fact that he opted not to file a notice of appeal in that case.

In addition to his *res judicata* arguments, Mr. DoCouto argues in his amended Rule 12A statement that the District Court did not have subject matter jurisdiction over his equitable claims and that final judgment therefore did not properly enter on what he contends was in effect a prayer for specific performance or a claim of fraudulent inducement in the eviction action.[6] Regarding the jurisdictional issue, we need simply point out that the District Court's equitable jurisdiction in landlord-tenant matters is established by statute. General Laws 1956 § 34-18-9 provides: "The district or appropriate housing court of this state shall exercise jurisdiction *in both law and equity* over any landlord or tenant with respect to any conduct in this state governed by this chapter or with respect to any claim arising from a transaction subject to this chapter."[7] (Emphasis added.) Because it is

---

[6] Although this issue was not raised below, we nevertheless will address it due to the fact that Mr. DoCouto has challenged the subject matter jurisdiction of the District Court in the eviction action. "Indeed, a challenge to subject matter jurisdiction may not be waived by any party and may be raised at any time in the proceedings." *E.T. Investments, LLC v. Riley*, 262 A.3d 673, 676 (R.I. 2021) (internal quotation marks and brackets omitted).

[7] Additionally, G.L. 1956 § 8-8-3.3 provides: "In addition to the powers heretofore exercised, the district court is hereby empowered, in furtherance of its jurisdiction under § 8-8-3(a)(2), to grant such orders, including temporary

undisputed that the eviction action pertained to a lease agreement between Mr. DoCouto and defendants regarding the Property where Mr. DoCouto was residing when the eviction action was instituted (i.e., a classic landlord-tenant dispute) there is no question that § 34-18-9 is applicable. And because § 34-18-9's applicability has been established, there is no question but that the District Court had the requisite jurisdiction over Mr. DoCouto's equitable claims.

Lastly, Mr. DoCouto further contends that the District Court did not have jurisdiction over his request for compensatory damages for services rendered because the amount in controversy exceeded the $10,000 statutory limit relative to District Court jurisdiction. This amount-in-controversy argument is unpersuasive. General Laws 1956 § 8-8-3(c) provides that there is a $10,000 amount-in-controversy limit for civil actions commenced in the District Court.

---

restraining orders, and preliminary and permanent injunctions as justice and *equity* may require." (Emphasis added.)

A similar statute, § 8-8-3.1, grants equitable powers to the District Court in housing matters in furtherance of its jurisdiction under § 8-8-3(a)(4). The general grant of jurisdiction, located in § 8-8-3(a)(1), specifically refers to § 8-8-3.1 as an exception to the general rule exempting equitable matters from the District Court's jurisdiction. Section 8-8-3(a)(1) does not contain a specific exception for § 8-8-3.3.

In addition to these statutes, the language provided in G.L. 1956 § 34-18-9, which confers jurisdiction "in both law and equity" upon the District Court with respect to all landlord-tenant matters, and the language of § 8-8-3(a)(2), which provides that the District Court shall have exclusive jurisdiction over all "actions between landlords and tenants pursuant to chapter 18 of title 34 * * *," buttress the fact that the District Court's equitable jurisdiction in landlord-tenant cases is not limited.

However, § 8-8-3(a)(2) provides that the District Court shall have exclusive jurisdiction of *all* "actions between landlords and tenants pursuant to chapter 18 of title 34 * * * *notwithstanding* the provisions of subsection (c) of this section." (Emphasis added.) Consequently, the statutory maximum set forth in § 8-8-3(c) has no bearing on the District Court's subject matter jurisdiction over landlord-tenant cases such as this one.

Accordingly, we perceive no error in the hearing justice's grant of the defendants' motions to dismiss.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

Justice Lynch Prata did not participate.

- 18 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Lourenco DoCouto v. Blue Water Realty, LLC, et al. |
| **Case Number** | No. 2023-79-Appeal.<br>(PC 21-1072) |
| **Date Opinion Filed** | March 11, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Stephen P. Levesque, Esq.<br>For Defendants:<br><br>Thomas M. Dickinson, Esq. |

SU-CMS-02A (revised November 2022)