May 27, 2026

**Supreme Court**

No. 2024-360-Appeal.
(KC 23-1095)

Jay Patel                              :

v.                              :

LandingPartners LLC et al.             :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jay Patel                    :

v.                           :

LandingPartners LLC et al.        :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The plaintiff, Jay Patel (Mr. Patel or plaintiff),

a self-represented litigant, appeals from a judgment of the Superior Court in favor

of the defendants, LandingPartners LLC (LandingPartners), 1850 Post Road Owner

LLC (1850 Post Road), and Centreville Bank (Centreville) (together, defendants)

following the entry of two orders dismissing the plaintiff's amended complaint,

which asserted various claims and sought monetary damages.  On appeal, Mr. Patel

argues that the trial justice erred by applying *res judicata* to dismiss his complaint.

This case came before the Supreme Court pursuant to an order directing the

parties to appear and show cause why the issues raised in this appeal should not be

summarily decided.  After considering the parties' written and oral submissions and

reviewing the record, we conclude that cause has not been shown and that we may

- 1 -

decide this case without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Procedural History

We glean the following facts from within the four corners of plaintiff's amended complaint as well as from documents whose authenticity has not been disputed, official public records, and documents sufficiently referenced in the complaint. *See Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967, 971 (R.I. 2023).

The present dispute stems from an earlier action filed by LandingPartners against Centreville, Mr. Patel, and two entities of which Mr. Patel is the registered agent, Shiva, LLC (Shiva) and Airport Hospitality, LLC (Airport Hospitality) (the LandingPartners case). In that action, LandingPartners asserted multiple breaches of a Purchase and Sale and Discounted Pay-Off Agreement (the agreement); the agreement, which was attached to and incorporated in Mr. Patel's complaint, contemplated the sale to LandingPartners of a hotel located at 1850 Post Road in Warwick, Rhode Island (the property) by Shiva.[1] Mr. Patel, Shiva, and Airport Hospitality did not appear, answer, or otherwise defend against the LandingPartners case, and LandingPartners subsequently moved for default judgment against them.

---

[1] Centreville held a mortgage on the property which secured a promissory note issued to Shiva, and guaranteed by Mr. Patel, in the amount of $11,500,000. Shiva was in default on the note at the time the agreement was executed. Under the agreement, Centreville agreed to discharge the note and mortgage following the consummation of the sale to LandingPartners.

In granting LandingPartners' motion for default judgment, the trial justice ordered Mr. Patel, Shiva, and Airport Hospitality to specifically perform their obligations under the agreement. The trial justice also appointed a commissioner, Richard Gemma, Esq., to facilitate the closing.

Following entry of default judgment, LandingPartners and Centreville entered a consent order setting new terms for the sale of the property. The consent order contained a new purchase price and further required Centreville to discharge the mortgage it held on the property following receipt of that purchase price. Centreville was relieved of its other obligations under the agreement. Centreville and LandingPartners thereafter closed pursuant to the terms of the consent order and entered a stipulation of dismissal of the LandingPartners case with prejudice.[2]

Just over one month after the dismissal of the LandingPartners case, Mr. Patel filed, on behalf of himself, Airport Hospitality, and Shiva, a complaint in the instant action against LandingPartners, Centreville, and 1850 Post Road, a corporation formed by LandingPartners to purchase the property.[3] That complaint was subsequently amended to remove Shiva and Airport Hospitality. Mr. Patel's amended complaint asserted violations of the agreement in the pre- and post-consent

---

[2] At oral argument, the parties clarified that Mr. Patel, though self-represented for much of the LandingPartners litigation, was represented by an attorney at the time of the closing.

[3] Counsel for defendants helpfully explained the relationship between LandingPartners and 1850 Post Road at oral argument before this Court.

order conduct of LandingPartners and Centreville. Mr. Patel further asserted allegations of fraud, misrepresentation, and unjust enrichment against defendants, as well as violations of the implied covenant of good faith and fair dealing.

LandingPartners and 1850 Post Road jointly moved to dismiss Mr. Patel's amended complaint on the basis of *res judicata* and collateral estoppel, arguing that the LandingPartners case had adjudicated all claims under the agreement. Centreville filed a separate motion to dismiss the amended complaint on the basis of *res judicata*. Centreville argued that Mr. Patel's allegations arose directly from Centreville's alleged duties under the agreement, but that the LandingPartners case had already "dealt directly with th[ose] issues * * *." Centreville argued that Mr. Patel's amended complaint was barred under the transactional rule because it concerned "the same transaction or series of transactions at issue in the prior litigation." Mr. Patel responded that defendants' arguments were "meritless."

The defendants' motions to dismiss were heard before the trial justice in April 2024. LandingPartners reiterated its arguments from the joint motion; Centreville relied on those arguments and rested on its papers. Mr. Patel argued that, pursuant to the agreement, Centreville should have released him from his personal guarantee of the promissory note issued to Shiva and that LandingPartners had failed to pay the purchase price listed in the agreement at the closing.

- 4 -

The trial justice subsequently granted defendants' motions to dismiss. The court concluded that the doctrine of *res judicata* barred Mr. Patel's claims because

> "the parties are the same or were in privity * * * as in the prior litigation. The identity of the issues is present as all claims arise from the same transaction or series of transactions which could have properly been raised in the previous litigation. Plaintiff's various allegations of failure to perform or defects with respect to the agreement could have been raised as counterclaims or cross-claims in the prior action."

Accordingly, the trial justice dismissed Mr. Patel's amended complaint with prejudice on the grounds that it was barred by *res judicata*.

The trial justice signed two separate orders—one granting the joint motion and a second granting Centreville's—on August 2, 2024. Mr. Patel filed a premature notice of appeal on August 7, 2024; final judgment entered on August 20, 2024. Mr. Patel's appeal is timely under our rules. *See* Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure.

**Standard of Review**

In reviewing a trial justice's decision with respect to a Rule 12(b)(6) motion, "this Court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *DoCouto v. Blue Water Realty, LLC*, 310 A.3d 360, 366 (R.I. 2024) (quoting *Palazzo v. Alves*, 944 A.2d 144, 149 (R.I. 2008)). Because the sole function of a motion to dismiss is to "test the sufficiency of the complaint," a motion to dismiss is appropriately

granted "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* (quoting *Palazzo*, 944 A.2d at 149-50).

This Court "determines the applicability of res judicata as a matter of law." *Town of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1035 (R.I. 2017) (brackets omitted) (quoting *Ritter v. Mantissa Investment Corporation*, 864 A.2d 601, 605 (R.I. 2005)).

**Analysis**

This Court has consistently held that the doctrine of *res judicata* "prohibits the relitigation of all issues that were tried or might have been tried in the original suit." *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010) (emphasis and deletion omitted) (quoting *Carrozza v. Voccola*, 962 A.2d 73, 78 (R.I. 2009)). The doctrine's "absolute bar" to a second cause of action is triggered where there exists an identity of the parties, identity of the issues, and finality of judgment in an earlier action. *See id.* The identity of the parties requirement of *res judicata* is met when the parties in the second action are identical to, or in privity with, the parties to the earlier action. *Reynolds v. First NLC Financial Services, LLC*, 81 A.3d 1111, 1115 (R.I. 2014). "Privity exists where there is a commonality of interests such that one party adequately represents the other's interests." *Mallozzi v. Warwick Wings, LLC*, 330 A.3d 557, 569 (R.I. 2025) (quoting *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013)).

- 6 -

As to the identity of the issues element, "this Court has adopted the 'transactional' rule governing the preclusive effect of the doctrine of *res judicata*." *Bossian*, 991 A.2d at 1027 (deletion omitted) (quoting *DiBattista v. State*, 808 A.2d 1081, 1086 (R.I. 2002)). "In accordance with that rule, *res judicata* 'precludes the relitigation of all or any part of the transaction, or series of connected transactions, out of which the first action arose.'" *Reynolds*, 81 A.3d at 1116 (brackets omitted) (quoting *Lennon v. Dacomed Corp.*, 901 A.2d 582, 592 (R.I. 2006)).

It is clear to us that the first and third elements of *res judicata* (identity of the parties and finality of the judgment) are satisfied. Mr. Patel, LandingPartners, and Centreville were all parties to the LandingPartners case, and at oral argument before this Court, counsel for LandingPartners clarified that 1850 Post Road was a company created by LandingPartners to purchase the property, and has the same owner as LandingPartners. Thus, we have no problem concluding that it is in privity with LandingPartners. *See Mallozzi*, 330 A.3d at 569. Additionally, we are satisfied that the LandingPartners case ended in a final judgment. Indeed, Mr. Patel acknowledged in his amended complaint that the LandingPartners case resulted in his default, and further attached a copy of the default judgment order to the amended complaint itself. We have previously said that a default judgment is no "less conclusive an adjudication for purposes of res judicata than a judgment rendered in

- 7 -

an answered case." *Zalobowski v. New England Teamsters and Trucking Industry Pension Fund*, 122 R.I. 609, 612, 410 A.2d 436, 437 (1980).

Mr. Patel principally argues that the trial justice erred in applying *res judicata* because the instant case does not share an identity of the issues with the LandingPartners case. Specifically, he asserts that the allegations in his complaint "arose only after the * * * default judgment and subsequent * * * closing" in the LandingPartners case and that therefore he could not have brought his claims as part of that prior action. Based on our review of the allegations in Mr. Patel's amended complaint, however, we agree with the trial justice that Mr. Patel's "various allegations of failure to perform or defects with respect to the agreement could have been raised as counterclaims or cross-claims in the prior action" because those allegations assert violations of the agreement which was the subject of the LandingPartners case. *See Bossian*, 991 A.2d at 1027 (finding that transactional rule barred subsequent action where claims arose "from the same transaction that was at issue in the previous litigation"). Accordingly, we conclude that Mr. Patel's claims are barred by the doctrine of *res judicata* because they raise the same issues—alleged violations of defendants' obligations under the agreement—about the same transaction that were raised and litigated in the LandingPartners case. *See id.* (explaining *res judicata*'s preclusive effect on "all issues that were tried or might

have been tried in the original suit" (emphasis omitted) (quoting *Carrozza*, 962 at 78)).

Nevertheless, Mr. Patel asserts that he was unable to raise his claims during the LandingPartners case because his allegations of misconduct occurred only after the default judgment entered against him. That observation, however, makes no difference in our analysis. As a factual matter, each of Mr. Patel's allegations regarding defendants' alleged violations of the agreement occurred prior to the dismissal stipulation that resolved the LandingPartners case. Mr. Patel was therefore free to challenge those alleged violations of the agreement before the case was dismissed, but he chose not to do so. In fact, although Mr. Patel filed a motion in the LandingPartners case seeking to vacate the default judgment, that filing occurred nine months after entry of the default judgment, and six months after the stipulation of dismissal.

Additionally, pursuant to our transactional rule, the law of *res judicata* "reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *ElGabri v. Lekas*, 681 A.2d 271, 276 (R.I. 1996) (quoting 1 Restatement (Second) *Judgments* § 24, comment a). That expectation extinguishes a plaintiff's successive claim against a defendant "even though the plaintiff would be prepared in a second action to present evidence or grounds or theories of the case not presented by the plaintiff in the first action, or to

seek remedies or forms of relief not demanded in that action." *Id.* As such, Mr. Patel's assertion that he should be permitted to raise post-default-judgment claims in a second action involving the same parties simply because his claims assert violations arising from the defendants' post-default-judgment conduct contradicts our well-settled expectation that parties will seek to address their "entire controvers[y]" as part of any litigation challenging a single transaction. *See id.*

Mr. Patel's arguments ultimately seek to have this Court hold that, because he was ordered to specifically perform his obligations under the agreement in light of the Superior Court's default judgment order, both LandingPartners and Centreville were likewise obligated to comply with the agreement's terms. However, Mr. Patel's established material breach of the agreement relieved Centreville and LandingPartners of their obligations under the agreement. *See Premier Land Development v. Kifshy*, 287 A.3d 19, 23-24 (R.I. 2023) ("It is well settled that a party's material breach of contract justifies the nonbreaching party's subsequent nonperformance of its contractual obligations." (quoting *Machado v. Narragansett*

*Bay Insurance Company*, 252 A.3d 1206, 1210 (R.I. 2021)).  Accordingly, we affirm the dismissal of Mr. Patel's complaint on the basis of *res judicata*.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court and remand the record to that tribunal.

Justice Goldberg participated in the decision but retired prior to its publication.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Jay Patel v. LandingPartners LLC et al. |
| **Case Number** | No. 2024-360-Appeal. (KC 23-1095) |
| **Date Opinion Filed** | May 27, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Jay Patel, *pro se* <br><br> For Defendants: <br><br> John Mancini, Esq. <br> Madeline Coburn, Esq. |

SU-CMS-02A (revised November 2022)